# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| BULLBAG CORPORATION,<br>   a Foreign Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAGS O MONEY, LLC,<br>   a Florida Limited Liability Company,<br>BAGS O MONEY, LLC d/b/a BOSS BAGS<br>   a Kentucky Limited Liability Company,<br>MONEY O BAGS, LLC<br>   a Kentucky Limited Liability Company, and<br>JAMES KRISTOFIK,<br>   an individual,<br>PAUL MARSHALL,<br>   an individual,<br><br>Defendants. | Civil Action No. 6:20-cv-2249<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT AND JURY DEMAND

Plaintiff, BULLBAG CORPORATION, alleges upon information and belief, as follows:

### INTRODUCTION

1. BullBag is the industry leader, and inventor, of the reusable and foldable dumpster bag. BullBag's former Florida Sales Manager, bitter at his departure from BullBag, partnered with the remainder of the Defendants to form a competitive enterprise. But they have opted to compete unfairly. Their first order of business was to ask a manufacturer to build knockoffs of BullBag's patented foldable dumpster bags. They have now brought these knock-off bags to market under an infringing brand, creating consumer confusion. And they are seeking to use confidential and proprietary information belonging exclusively to BullBag,

including BullBag customer lists.  This suit seeks to put an end to these activities, and compensate BullBag for the damage Defendants have caused.

## THE PARTIES

2. Plaintiff, BullBag Corporation ("BullBag"), is a Foreign Profit Corporation, having its principal place of business in Florida and having an office at 2051 Green Road, Suite C, Pompano Beach, FL 33064.  BullBag does business within this judicial district and elsewhere throughout the United States.

3. Upon information and belief, defendant, Bags O Money, LLC ("Bags O Money FL") is a Florida Limited Liability Company, having its principal place of business in Florida and having an office at 930 Carter Road, Suite 314, Winter Garden, FL 34787.

4. Upon information and belief, defendant Bags O Money, LLC d/b/a BOSS BAGS ("Bags O Money KY") is a Kentucky Limited Liability Company, having its principal place of business in Kentucky and having an office at 333 N. 1st Street, Richmond, KY 40475.  Bags O Money has also registered in Kentucky the assumed name "BOSS BAGS."

5. Upon information and belief, defendant Money O Bags, LLC ("Money O Bags") is a Kentucky Limited Liability Company, having its principal place of business in Kentucky and having an office at 333 N. 1st Street, Richmond, KY 40475.  James Kristofik is the Organizer of Money O Bags.  James Kristofik is the Registered Agent of Money O Bags.

6. Upon information and belief, defendant James Kristofik is an individual residing at 8815 Control Windermere Road, Suite 111, Orlando, FL 32835.

7. Upon information and belief, defendant Paul Marshall is an individual residing at 333 N 1st Street, Richmond, KY 40475.

8. Bags O Money FL, Bags O Money KY d/b/a Boss Bags, Money O Bags,

Kristofik, and Marshall will be collectively referred to as "Defendants."

## JURISDICTION & VENUE

9. This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*, common law trademark infringement, false designation of origin, passing off, false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1391, 1125(a), dilution of mark and injury to business reputation under Fla. Stat. § 495.151, Deceptive and Unfair Trade Practices under Fla. Stat. § 501.201, *et seq*, Florida common law unfair competition, and patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*,

10. Jurisdiction is proper pursuant to 28 U.S.C. §1331 in that this civil action presents a federal question, 28 U.S.C. §1338(a) in that this civil action arises under an Act of Congress relating to patents and trademarks, 15 U.S.C. § 1121 in that this civil action arises under the Lanham Act, and 28 U.S.C. § 1338(b) in that the unfair competition claims are joined with substantially related claims under the patent and trademark laws.

11. Venus is proper pursuant to 28 U.S.C. § 1391(b), (c), (d), and 1400(b).

12. Defendants each do business in Florida by: (1) selling and shipping products to and within this State, District, and Division; (2) advertising products within this State, District, and Division; (3) soliciting business and orders within this State, District, and Division; (4) deriving revenue from the sale of their products within this State, District, and Division without the consent or license from BullBag; and (5) committing acts of patent and trademark infringement within this State, District, and Division.

13. Defendants have committed acts within this State, District, and Division which have resulted in damage to BullBag.  Defendants have committed acts in this District in violation

3

of BullBag's exclusive rights under at least 15 U.S.C. § 1115 and 35 U.S.C. § 271 thereby giving this Court personal jurisdiction over each Defendant.

## GENERAL ALLEGATIONS

14. BullBag is the industry leader, and inventor, of the reusable and foldable dumpster bag. BullBag sells its reusable and foldable dumpster bags under its important BullBag® trademark, and has done so since at least as early as November 30, 2003. BullBag has developed significant goodwill and a high reputation in the industry for its BullBag® dumpster bags. The BullBag® dumpster bag is durable to survive the rigors of use, while also collapsible and portable to be easily transported and positioned at a new site. These, and other, advantages have contributed to BullBag's industry leadership.

15. The BullBag® reusable dumpster includes a number of innovative features. These features include removable vertical and horizontal stays, so that the bag may be collapsed for transport or storage, and then unfolded and configured with the stays to provide vertical and horizontal support to function as a dumpster. These features also include fill lines on the outside of the dumpster to gauge dumpster usage. These features also include particularized hook configurations to facilitate raising and emptying the dumpsters when full.

16. BullBag has invested heavily in both its research and development to bring these innovative bags to market, and also its BullBag® brands. The consuming public associates the BullBag® brands with BullBag's high quality goods and services.

17. Kristofik was employed by BullBag from April, 2017 to November, 2019. Kristofik's title was Florida Sales Manager. Kristofik's job responsibilities included procuring new customers for BullBag. Kristofik was exposed to confidential and proprietary information belonging to BullBag, and Kristofik has a continuing duty to maintain the confidentiality of such

information.

18. On information and belief, upon Kristofik's departure from BullBag, he formed Bags O Money FL and Money O Bags for the purpose of competing directly with BullBag.

19. On information and belief, Kristofik partnered with Bags O Money KY for the purpose of competing directly with BullBag.

20. On information and belief, Bags O Money KY was formed for the purpose of competing directly with BullBag.

21. On information and belief, Marshall is the driving force behind Bags O Money KY, and is directly involved with and personally oversees its infringing activities.

22. On information and belief, Kristofik is the driving force behind Bags O Money FL and Money O Bags, and is directly involved with and personally oversees their infringing activities.

23. On information and belief, in or around June, 2020, Defendants contracted with a third party, namely JohnPac, LLC ("JohnPac"). Defendants engaged JohnPac to manufacture a dumpster bag for Defendants.

24. Defendants provided JohnPac a sample bag, and requested JohnPac attempt to manufacture an identical bag. On information and belief, the sample bag provided to JohnPac by Defendants was a BullBag® reusable dumpster bag. On information and belief, the sample bag was taken by Kristofik from BullBag without authorization.

25. JohnPac sold Defendants 1,400 bags. JohnPac identifies those bags as "Sold to" Bags O Money KY, and "Shipped To" Bags O Money FL.

26. On information and belief, Bags O Money KY paid for the Infringing Bags.

27. BullBag is the owner of United States Federal Trademark Registration Nos.

5,852,068 for the mark THE BULL BAG ("the '068 Registration"), 5,764,123 for the mark THE BULLBAG ("the '123 Registration"), 5,764,122 for the mark BULLBAG ("the '122 Registration"), 5,571,904 for the mark BULLBAG WRANGLER ("the '904 Registration"), 5,517,315 for the mark YOU FILL IT, WE DUMP IT, YOU KEEP IT ("the '315 Registration"), 3,327,153 for the mark BULL BAG ("the '153 Registration"), and 3,336,770 for the mark BULL BAG ("the '770 Registration"). These trademark registrations are referred to as the Federal Trademark Registrations and copies of the registration certificates are attached as Exhibits A-G.

28. Since at least the dates of issuance, the Trademark Registrations have been continuously used by BullBag in interstate commerce.

29. Since at least the dates of issuance, BullBag has provided notice to the public that the Federal Trademark Registrations are registered trademarks by the affixation of notice as provided for in 15 U.S.C. § 1111.

30. BullBag is the owner of all right, title, and interest in United States Patent No. 10,442,575 ("the '575 Patent"). A copy of the '575 Patent is attached as Exhibit H.

31. Defendants have been marketing, advertising, using, offering to sell, and selling reusable waste bags under the name "Boss Bags" (the "Infringing Bags"). Defendants currently offer to sell and sell the Infringing Bags and related services on their website www.thebossbags.com, and in this District. The Infringing Bags and Defendants' sales and marketing of the Infringing Bags infringe BullBag's intellectual property rights. Defendants' actions have been without consent or license from BullBag. A side-by-side depiction of BullBag's patented bag and Defendants' knock-off is shown in Exhibit I.

32. BullBag has complied with all conditions precedent to the bringing of this cause of action.

## COUNT I – Trademark Infringement
### Lanham Act, 15 U.S.C. § 1114

33. BullBag incorporates by reference paragraphs 1 through 32 above.

34. BullBag owns, uses, and has used all of the marks associated with its Federal Trademark Registrations, specifically "BULLBAG" "BULL BAG," "THE BULLBAG," "THE BULL BAG," and "YOU FILL IT, WE DUMP IT, YOU KEEP IT" in commerce, advertising, and marketing efforts in order to identify its reusable and foldable dumpster bags and associated services.

35. Defendants have used and continue to use in commerce the marks "BOSS BAGS" and "YOU FILL IT, WE HAUL IT", in connection with the sale, offering for sale, distribution, or advertising of Defendants' infringing bags, and such use is likely to cause confusion, or to cause mistake, or to deceive.

36. Defendants' action in adopting the marks "BOSS BAGS" and "YOU FILL IT, WE HAUL IT" were malicious, fraudulent, deliberate, willful.

37. BullBag has been damaged by Defendants' infringing activities.

38. Unless enjoined by the Court, Defendants' infringing activities will continue and will continue to cause harm to BullBag.

## COUNT II – Unfair Competition
### Lanham Act, 15 U.S.C. §1125(a)

39. BullBag incorporates by reference paragraphs 1 through 32 above.

40. Defendants have used and continue to use the marks "BOSS BAGS" and "YOU FILL IT, WE HAUL IT", or confusingly similar names or derivations thereof to advertise and sell goods and services in commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with BullBag as to the

origin, sponsorship, or approval by BullBag of Defendants' infringing goods, services, or commercial activities.

41. Defendants' action in adopting the marks "BOSS BAGS" and "YOU FILL IT, WE HAUL IT" were malicious, fraudulent, deliberate, willful.

42. BullBag has been damaged by Defendants' infringing uses described above.

43. Unless enjoined by the Court, Defendants' infringing activities will continue and will continue to cause harm to BullBag.

## COUNT III – Unfair Competition
**Florida Common Law**

44. BullBag incorporates by reference paragraphs 1 through 32 above.

45. Defendants have engaged in deceptive and fraudulent conduct by advertising Infringing Bags using the marks "BOSS BAGS" and "YOU FILL IT, WE HAUL IT", which is likely to cause consumer confusion.

46. Defendants have engaged in deceptive and fraudulent conduct by instructing JohnPac to duplicate BullBags' foldable dumpster bags.

47. Defendants have engaged in deceptive and fraudulent conduct by using confidential information learned by Kristofik while he was employed by BullBag.

48. Defendants have engaged in deceptive and fraudulent conduct by seeking to interfere with relationships between BullBag and its customers.

49. Defendants' actions are contrary to honest practice in industrial or commercial matters.

50. Defendants' acts of unfair competition constitute knowing and intentional trading on and misappropriation of BullBag's product, goodwill, and business reputation for Defendant's enrichment.

51. Defendants' unfair competition has caused, and will continue to cause, and is causing damage to BullBag and is causing irreparable harm to BullBag for which there is no adequate remedy at law.

52. Defendants have been unjustly enriched through their actions and should be disgorged of any unjust gains.

### COUNT IV – Florida Deceptive and Unfair Trade Practices

53. BullBag incorporates by reference paragraphs 1 through 32 above.

54. Defendants have engaged in deceptive and fraudulent conduct by advertising Infringing Bags using the marks "BOSS BAGS" and "YOU FILL IT, WE HAUL IT", which is likely to cause consumer confusion.

55. Defendants have engaged in deceptive and fraudulent conduct by instructing JohnPac to duplicate BullBags' foldable dumpster bags.

56. Defendants have engaged in deceptive and fraudulent conduct by using confidential information learned by Kristofik while he was employed by BullBag.

57. Defendants have engaged in deceptive and fraudulent conduct by seeking to interfere with relationships between BullBag and its customers.

58. Defendants' actions are contrary to honest practice in industrial or commercial matters.

59. Defendants' acts of unfair competition constitute knowing and intentional trading on and misappropriation of BullBag's product, goodwill, and business reputation for Defendant's enrichment.

60. The above acts constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

61. Defendants have derived an economic benefit from its Infringing Bags.

62. As a direct and proximate result of Defendants' acts, BullBag has suffered pecuniary loss, including the loss of revenue and damage to goodwill.

63. As such, BullBag has been damaged and is likely to be further damaged by Defendants' deceptive trade practices.

64. Unless enjoyed by the Court, Defendants' unfair competition activities complained of above will continue unabated and will continue to harm BullBag.

## COUNT V – Patent Infringement of the '575 Patent

65. BullBag incorporates by reference paragraphs 1 through 32 above.

66. Attached as Exhibit J is a claim chart demonstrating Defendant's Infringing Bags infringe at least Claim 1 of the '575 Patent.

67. Defendants have infringed, directly, contributorily, and/or by inducement, the '575 Patent by having marketing, advertising, offering for sale, using, selling, and/or importing products under the name "Boss Bags" that duly embody the inventions as claimed therein.

68. Defendants are on notice of the '575 Patent and on notice of BullBag's products.

69. Defendants' acts have been without right, license, or permission from BullBag.

70. On information and belief, Defendants have willfully, deliberately, and intentionally infringed the '575 Patent.

71. Defendants' willful, deliberate, and intentional infringement of the '575 Patent has caused BullBag irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

72. Defendants' willful, deliberate, and intentional infringement of the '575 Patent has also caused BullBag further irreparable harm and damages, and will entitle it to recover,

among other things, treble damages, attorneys' fees, and costs.

73. Plaintiff has no adequate remedy without intervention of this Court.

74. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BullBag, requests the following relief:

A.  A determination that each Defendant committed acts of infringement of the Federal Trademark Registrations, and award all damages available to BullBag under the Lanham Act, including 15 U.S.C. §§ 1114, 1116-1118 inclusive.

B.  An injunction be granted preliminarily and permanently restraining each Defendant, its officers, agents, attorneys, employees, and those acting in privity or concert with it from infringing and/or diluting any of BullBag's trademarks, whether registered or not;

C.  A determination that each Defendant engaged in unfair competition detrimental to BullBag in violation of 15 U.S.C. § 1125(a);

D.  A determination that each Defendant's actions were willful and were conducted for profit;

E.  Award to BullBag each Defendant's profits and the damages sustained by BullBag because of each Defendant's infringing conduct;

F.  Award to BullBag each Defendant's profits and the damages sustained by BullBag because of Defendants' acts of unfair competition under 15 U.S.C. § 1125(a);

G.  Award to BullBag all damages available under the Lanham Act, 15 U.S.C. § 1117, including treble, otherwise enhanced damages as available for each

    Defendant's acts of willful infringement;

H. A determination that this case is exception and award BullBag its reasonable attorney fees pursuant to 15 U.S.C. § 1117;

I. A determination that each Defendant engaged in unfair competition detrimental to BullBag in violation of Florida common law, and award all damages available therein;

J. A determination that each Defendant engaged in unfair competition detrimental to BullBag in violation of 15 U.S.C. § 1125(a);

K. A determination that each Defendant engaged in deceptive and unfair trade practices detrimental to BullBag in violation of Fla. Stat. § 501.204, and award all remedies available pursuant to Fla. Stat. § 501.211, including attorneys' fees pursuant to Fla. Stat. § 501.2105;

L. A judgment and decree that each Defendant has infringed the '575 Patent;

M. An injunction be granted preliminarily and permanently restraining each Defendant, its officers, agents, attorneys, employees, and those acting in privity or concert with it from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of products claimed in the '575 Patent or components or materials especially made or especially adapted for use in an infringement of the '575 Patent;

N. An accounting of all damages to BullBag from each of Defendants' infringement, inducement of infringement, contributory infringement, and willful infringement, and that such damages be awarded to BullBag with interest and costs;

O. An order requiring each Defendant to recall all of its infringing products currently

in the marketplace;

P. A determination that each Defendant's infringement of the '575 patent has been willful, and award of treble damages pursuant to 35 U.S.C. § 284;

Q. A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and an award of the costs and reasonable attorneys' fees incurred by BullBag in connection with this action;

R. Judgement be entered against each Defendant and in favor of BullBag on all counts; and

S. Awarding any such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: December 11, 2020

/s/ Woodrow H. Pollack
Woodrow H. Pollack
Florida Bar No. 26802
Trial Counsel
Shutts & Bowen, LLP
4301 W. Boy Scout Blvd.
Suite 300
Tampa, FL 33607
(813) 463-4894
wpollack@shutts.com
*Counsel for Plaintiff*