## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### No. 6:20-CV-02249-PGB-GJK

**BULLBAG CORPORATION**,

     Plaintiff,

v.

**BAGS O MONEY, LLC, BAGS O
MONEY, LLC d/b/a BOSS BAGS,
MONEY O BAGS, LLC, JAMES
KRISTOFIK, PAUL MARSHAL**,

     Defendants.

_____/

## DEFENDANT JAMES KRISTOFIK'S MOTION TO DISMISS

## INTRODUCTION

Plaintiff pleads a grab bag of retaliatory allegations against various Defendants: Bags O Money, LLC; Bags O Money, LLC d/b/a Boss Bags; Money O Bags, LLC, Kristofik, and Paul Marshall. Plaintiff makes dozens of accusations about these Defendants, ranging from allegations of misappropriation of trade secrets to patent infringement. Plaintiff, moreover, asserts that all of these disparate acts were committed by each of the five named Defendants. Plaintiff's Complaint should be dismissed for six reasons.

*First*, Plaintiff sues Kristofik in his individual capacity but failed to plausibly allege a factual basis for the claims against him and has not plausibly alleged any reason to pierce the corporate veil and set aside the corporate form.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

*Second*, the Complaint is a shotgun pleading because it incorporates disparate legal theories in numerous counts and improperly groups together five different Defendants without specifying what each of them allegedly did, individually.

*Third*, Plaintiff's trademark infringement claim—and the other claims predicated on trademark infringement—fail because the parties' marks are so dissimilar, there is no likelihood of confusion. Plaintiff's marks are weak to the extent they include generic and descriptive terms. Additionally, Defendants' alleged use of the Boss Bags marks constitutes fair use as a matter of law. Plaintiff's Lanham Act unfair competition claim is based on the same facts as its trademark infringement claim and fails for the same reason.

*Fourth*, Plaintiff's unfair competition claim against Kristofik fails because it (1) partially relies on the same facts as its defective trademark infringement claim; (2) relies, in part, on patent infringement and Federal patent law preempts Plaintiff's state law claims; (3) does not plausibly allege any fraudulent or deceptive practice on the part of Kristofik; and (4) does not plausibly allege consumer confusion.

*Fifth*, Plaintiff's claim alleging violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") also fails for the same exact reasons as Plaintiff's common law unfair competition claim. Additionally, however, Plaintiff's FDUTPA claim fails because it seeks consequential damages not recoverable under FDUTPA.

*Sixth*, Plaintiff's patent infringement claim fails because it does not plausibly allege the manner and means by which Kristofik allegedly infringed on Plaintiff's patent on its dumpster bags ("the '575' Patent").

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Thus, the Court must ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim. *Id*.

## ARGUMENT

## I. PLAINTIFF FAILED TO ALLEGE PLAUSIBLE CLAIMS AGAINST KRISTOFIK IN HIS INDIVIDUAL CAPACITY

Plaintiff sued Krisotifk in his individual capacity, but the Complaint does not allege any plausible facts creating the reasonable inference that Kristofik personally engaged in the alleged conduct, nor does it plead a basis to pierce the corporate veil.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

"A corporation is a legal entity a fictional person—capable of entering contracts and doing business in its own right. The purpose of this fiction is to limit the liability of the corporation's owners, whether it be individuals or other corporations." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011). To disregard the fiction and pierce the corporate veil for the purposes of holding an individual owner liable for a corporation's actions, a plaintiff must plead that: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Id.*

"When a plaintiff seeks to impose personal liability for patent infringement on an officer of a corporation, a district court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." *Blue Water Innovations, LLC v. Fettig*, 2019 WL 1904589, at *6 (S.D. Fla. Mar. 8, 2019) (quoting *Exigent Tech., Inc. v. Radiant Telecom, Inc.*, 2005 WL 8154987, at *2 (S.D. Fla. Dec. 5, 2005) (dismissing federal patent law and Florida state law claims against corporate officer because the complaint failed to allege a basis to pierce the corporate veil)). "Under Florida law, a plaintiff attempting to hold a corporate director personally liable must allege actual wrongdoing in the form of fraud, self-dealing or unjust enrichment to establish individual liability." *Id.*

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

(finding allegations that individual defendant "orchestrated the acts complained of" insufficient to state claim).

Here, Plaintiff's allegations against Kristofik are conclusory and threadbare. The Complaint does not plausibly allege that Kristofik committed fraud, self-dealing, or was unjustly enriched. Plaintiff has not otherwise plausibly alleged any basis to pierce the corporate veil.

## II.    THE COMPLAINT IS A SHOTGUN PLEADING

For decades, "[t]he Eleventh Circuit has roundly, repeatedly, and consistently condemned shotgun pleadings." *Woelfel v. Life Partners, Inc.,* 2014 WL 7238196, at *1 (S.D. Fla. Dec. 17, 2014).[1] Shotgun pleadings are pleadings that "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1322 (11th Cir. 2015).

Here, Plaintiff alleges a hodgepodge of unrelated conduct against five distinct people and entities, then incorporates *each* disparate allegation into *each* cause of action against *each* defendant. *See generally* DE 1. Plaintiff's complaint is thus a "typical shotgun pleading," since several "counts present more than one discrete claim for relief." *Bickerstaff Clay Prod. Co. v. Harris Cty.,* 89 F.3d 1481, 1484 (11th Cir. 1996).

### A. Plaintiff Impermissibly Incorporates Disparate Legal Theories Into Each of Its Causes of Action

---

[1] All citations omitted unless otherwise indicated.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

A complaint that incorporates disparate legal theories under individual counts constitutes a shotgun pleading. In *Yakoub v. Tradewinds Airlines, Inc.*, 2016 WL 7229691, at *2 (S.D. Fla. Dec. 14, 2016), the court dismissed a complaint that failed to "untangle [the] allegations into separate claims." By including different legal theories—such as "retaliation, failure to promote, national origin discrimination, religious discrimination, hostile work environment[, and] discriminatory wage practices"—into each of several causes of action, the plaintiff had made it impossible for "the defendant to this action (let alone the Court) [to] reasonably know what the Plaintiff intends to allege." *Id.* (alteration in second); *Techworks, Inc. v. H.M. Seiden Consulting, Inc.*, 2006 WL 8432537, at *2 (S.D. Fla. Sept. 12, 2006) ("[C]ommingling . . . various theories of liability within individual counts, renders Plaintiff's Complaint an inappropriate basis upon which to evaluate [its] allegations.").

Here, the Complaint is a shotgun pleading because it incorporates various, disparate legal theories into Counts II through IV. Plaintiff, in essence, asserts claims for tortious inference, misappropriation of trade secrets, tortious interference, trademark infringement, and patent infringement under its claims for common law unfair competition (Count III), and FDUTPA (Count IV).

Count V is also a shotgun pleading. Section 271 of Title 35 creates liability for three types of patent infringement: (1) direct infringement, (2) induced infringement, and (3) contributory infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1926 (2015). The "combination of infringement claims into a single count constitutes a shotgun pleading." *Advanced Screenworks, LLC v. Mosher*, 2020 WL 94562, at *2 (M.D.

6

Fla. Jan. 8, 2020) (dismissing patent infringement claim alleging direct, induced, and contributory infringement under one count as a shotgun pleading); *IT Consulting GmbH v. BMC Software, Inc.*, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (same).

Here, just as in *Advanced Screenworks*, *LLC* the Complaint alleges direct, induced, and contributory infringement all under Count V. DE 1 ¶ 67. A shotgun pleading of this sort requires dismissal under Rule 12(e) and Eleventh Circuit precedent. In short, Plaintiff's claim is a hydra. The claims could have their roots in false advertising, tortious interference with relationships, patent law, trademark law, and Florida deceptive trade practices law. Plaintiff's approach to pleading prevents Defendants—and the Court—from meaningfully assessing Plaintiff's claims and determining whether they fail.

**B. Plaintiff's Treatment of Five Distinct Defendants As a Single Unit is Improper**

Another hallmark of shotgun pleading is the failure to "specify which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1323. The failure to do so is an independent ground to dismiss a complaint. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing complaint "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [] defendants charged"); *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, 2019 WL 3716775, at *2 (S.D. Fla. Aug. 7, 2019) (dismissing complaint that failed to "specify whether the term Defendant refers to [one defendant] or [the other]").

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

"[W]hen a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." *Prushansky v. Brown*, 2013 WL 3716398, at *3 (M.D. Fla. July 15, 2013). "Indeed, a complaint that lump[s] all the defendants together in each claim and provides no factual basis to distinguish their conduct fails to satisfy Rule 8." *Ramos*, 2012 WL 3962436, at *3 (citing *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)).

In *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, 2018 WL 7287192, at *7 (S.D. Fla. Jan. 31, 2018), for example, the plaintiff sued a parent company and its subsidiary. The complaint "lump[ed]" the two "separate corporations" "together as one entity." *Id*. "This lumping render[ed] the [complaint] ambiguous" and did "not afford each defendant a meaningful opportunity to respond to the allegations against it." *Id*. Based on this failure alone, the court held that the "Complaint must be dismissed." *Id*.; *see also Lane*, 2006 WL 4590705, at *4–5 (dismissing a complaint that did not distinguish between a "parent and its subsidiary" as "vague and conclusory" since the "individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable").

Plaintiff does what the plaintiffs in *Circuitronix* and *Lane* did, and the result here should be the same. Throughout its complaint, Plaintiff pleads collectively against five distinct affiliated people and entities, which Plaintiff refers to collectively as "Defendants." Plaintiff then brings all five causes of action against all five Defendants.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

Plaintiff does not distinguish between the conduct of these distinct—and substantively different—entities. Plaintiff's undifferentiated references to "Defendants" throughout its complaint is particularly problematic given the key differences between the various Defendant-entities.

## III.  PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIM FAILS AS A MATTER OF LAW

"[T]o state a claim for trademark infringement a plaintiff must plead facts which, if true, show that (i) the plaintiff has a valid trademark, and (ii) the defendant adopted a similar mark such that consumers would be likely to confuse the two." *Thoroughbred Legends, LLC v. Walt Disney Co.*, 2007 WL 9702282, at *9 (N.D. Ga. Dec. 4, 2007)) (citing *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000)).

District courts in the Eleventh Circuit consider seven factors when assessing the likelihood of consumer confusion in trademark-infringement claims. *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1313 (11th Cir. 2001). Of these seven factors, (1) the type of mark and (7) the evidence of actual confusion are the two most important factors. *Suntree Technologies, Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012).

### A. The Marks Are So Dissimilar That There Is No Possibility Of Confusion, As A Matter Of Law

#### 1.  Plaintiff's allegations of consumer confusion are conclusory

Even though likelihood of confusion is usually not determined on a motion to dismiss, a plaintiff must still plead facts sufficient to make their claims plausible. *Shashi, LLC v. Tsipilates, LLC*, 2013 WL 12091058, at *5 (S.D. Fla. Nov. 18, 2013)

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

("[T]he Court may not accept as true the Complaint's conclusory statement that the likelihood of consumer confusion exists without factual allegations that would support that conclusion.").

In *Shashi*, the plaintiff sued the defendant for trademark infringement, alleging that the defendant's mark "SOXSI" infringed on the plaintiff's mark "SHASHI" and was likely to cause confusion, mistake, and to deceive customers. *Id.* The court found that aside from these conclusory allegations, the plaintiff did not allege facts explaining how the two marks could be confusingly similar. *Id*. The court noted that the complaint did not provide a description of the features of the plaintiff's mark that consumers could allegedly confuse with the defendant's mark. *Id.*

Here, just as in *Shashi*, Plaintiff's allegations relating to similarity of the marks and consumer confusion are conclusory. Plaintiff failed to plausibly allege how Defendants' marks are confusingly similar to Plaintiff's.

### 2.  The Marks Are Dissimilar In Appearance

But even if the Court finds Plaintiff's allegations are not conclusory, Plaintiff's claims still fail  because the arguably distinct portions of the parties' respective marks are so dissimilar, there is no likelihood of confusion. In certain circumstances, "a motion to dismiss will be granted for failure to plead likelihood of confusion only if 'no reasonable factfinder could find a likelihood of confusion on any set of facts that plaintiff could prove.'" *Scotch & Soda B.V. v. Scotch and Iron LLC*, 2018 WL 2224997, at *3 (S.D.N.Y. May 15, 2018); *Le Book Pub., Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 312 (S.D.N.Y. 2005). "Overwhelming visual dissimilarity can defeat

10

an infringement claim, even where the other six factors all weigh in favor of the plaintiff." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1361 (11th Cir. 2007).

Here, Plaintiff does not allege that Defendants used its marks. The crux of Plaintiff's allegations is that the use of the term "Boss Bags" and "you fill it, we haul it" are confusingly similar to Plaintiff's marks. The degree of similarity element overwhelms any possibility of confusion. A picture is worth a thousand words:



DE 1-9. Also, on its face, Boss Bags' slogan "you fill it, we haul it" is sufficiently dissimilar to Plaintiff's slogan that there can be no likelihood of consumer confusion. But even if the Court were to find that Plaintiff's slogan is similar to Boss Bags' slogan, that mark is merely descriptive, and Plaintiff has not plausibly alleged distinctiveness.

### 3. Plaintiff's Marks Are Weak

Courts are not required to accept conclusory allegations that a mark is distinctive. *See Nationwide Van Lines, Inc. v. Transworld Movers Inc.*, 2020 WL 4873713, at *2 (S.D. Fla. July 27, 2020). Instead, a plaintiff alleging trademark infringement must plausibly allege that its marks are distinctive. *Tropic Ocean Airways, Inc. v. Floyd*,

GORDON REES SCULLY MANSUKHANI LLP
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

598 F. App'x 608, 612 (11th Cir. 2014) ("Tropic's bare allegations are insufficient to establish that Tropic's mark has acquired secondary meaning."). Also, registration merely provides a rebuttable presumption of distinctiveness and does not, standing alone, show distinctiveness. *Nationwide Van Lines, Inc.*, 2020 WL 4873713, at *2 (dismissing trademark infringement claim where the plaintiff failed to plausibly allege that its descriptive marks had secondary meaning). A plaintiff alleging that the defendant infringed its descriptive trademark must plausibly allege secondary meaning – conclusory allegations are insufficient. *Id.*

The only common portion of the parties' marks are the use of the word "bag." That commonality, however, is inconsequential. In *Le Book Pub.*, the court dismissed plaintiff's trademark infringement claim because looking at the directories at issue cumulatively, the only similarity in the marks was the generic term "book." 418 F. Supp. 2d at 312. The court held that where the marks at issue both included word "book," plaintiff could not base the infringement claim on defendant's use of "book" in title of its work, as "'book' is a generic term and cannot be registered as a trademark." *Id.*

In the present case, "bags" is to the parties herein as "books" was to the parties in *Le Book Pub.* – an unregistrable, generic term that cannot be considered for purposes of trademark infringement. The word "bag" describes the genus of the goods and is therefore generic. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985) ("A generic term is one that refers to the genus of which the particular product is a species."). Thus, "bag" cannot serve as a trademark. *See W.R. Grace & Co. v. Union*

12

*Carbide*, 581 F. Supp. 148, 156 (S.D.N.Y. 1983) (affirming cancellation of the mark "Barrier Bag" because the mark was generic). Indeed, Plaintiff disclaimed exclusive use of the term "bag" in two of its "BULL BAG" registrations. *See* DE 1-2, 1-5.

Plaintiff also alleges (at ¶ 35) that Boss Bags' slogan "you fill it, we haul it" infringes Plaintiff's slogan mark "you fill it, we dump it, you keep it." Plaintiff's slogan mark, however, is weak and not distinctive because it merely describes the nature of the transaction and Plaintiff's trash removal services. Plaintiff clearly uses this term as a descriptive mark rather than to distinguish its goods and services from other competitors. *See Leigh*, 212 F.3d at 1216 (11th Cir. 2000) ("Trademarks . . . answer the question 'Who made it?' rather than 'What is it?'"). Plaintiff's slogan mark does the latter rather than the former. Given that Plaintiff's slogan mark is descriptive, Plaintiff was required to plausibly allege secondary meaning, *Nationwide Van Lines*, 2020 WL 4873713, at *3, but failed to do so. Accordingly, dismissal is appropriate.

**B.** **Defendants' Alleged Conduct Amounts to Fair Use**

Even if the Court finds that Plaintiff adequately alleged a likelihood of consumer confusion, Kristofik's alleged use of Plaintiff's marks is non-actionable fair use.

A defendant who is sued for trademark infringement may assert a fair use defense, that his use is one that is "otherwise than as a mark . . . or of a term . . . which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin." 15 U.S.C. § 1115(b)(4). "[T]he Court may, however, dismiss a claim based on an affirmative defense if that defense 'clearly appears on the face of the complaint.'" *Kobi Karp Architecture & Interior Design, v.*

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

*O'Donnell Dannwolf & Partners Architects*, 2020 WL 4287005, at *2 (S.D. Fla. July 27, 2020) (quoting *Quiller v. Barclays Am./Credit*, 727 F.2d 1067, 1069 (11th Cir. 1984)).

To establish a fair use defense, a defendant must prove that its use is "(1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006). "The 'fair-use' defense, in essence, forbids a trademark registrant to appropriate a descriptive term for [its] exclusive use and so prevent others from accurately describing a characteristic of their goods." *Int'l Stamp Art*, 456 F.3d at 1274. The defense permits others to use protected marks in descriptive ways, but not as marks identifying their own products. *Cosmetically Sealed*, 125 F.3d at 30.

"Use of a descriptive term in textual . . . instructions . . . is ordinarily a fair use." *See Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997) ("If any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase."); *Clinical Nutrition Centers, Inc. v. Mayo Found. for Med. Educ. & Research*, 135 F. Supp. 3d 1267, 1277 (N.D. Ga. 2013) ("A defendant who uses a phrase to describe a product or instruct consumers how to use the product generally uses the phrase in a descriptive sense.").

In *Cosmetically Sealed*, the owner of the trademark "SEALED WITH A KISS", a mark used to identify the origin of the plaintiff's lip gloss, sued defendant for using the phrase "Seal it with a kiss!" in association with its own lipstick. 125 F.3d at 29–30.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

The defendant advertised its lipstick with a countertop cardboard display offering consumers a postcard. *Id*. at 29. "The display invited consumers to . . . place a lipstick imprint of her lips on [the postcard], and mail it. . . . Next to the cards were the words, in slightly larger script type, 'Seal it with a Kiss!!'" *Id*. Although the two phrases were very similar, and in fact possibly confusing, the court held that defendant's use was descriptive, not as a trademark. *Id*. at 30. In particular, the court found that the phrase was used "to describe an action that the sellers hope consumers will take, using their product." *Id*.

Here, Boss Bags' use of "bags" and "you fill it, we haul it" constitutes fair use as a matter of law. Plaintiff has not plausibly alleged that Defendants use its slogan to identify it as the source of the goods and services provided. "Bag" literally describes the product. Just as in *Cosmetically Sealed*, Defendants' slogan merely describes Defendants' trash removal services. "Bags" and Boss Bags' slogan convey no information about the origin of the products and services. In the sole example Plaintiff provides of Defendants allegedly using an infringing mark, Defendants' Slogan Mark does not appear on Defendants' bags. *See* DE 1-9. Indeed, even Plaintiff does not use its Slogan Mark on its bags, which further shows that it is not intended to identify the source of goods but instead intended to communicate to consumers how the product and services work. *See id*.

Clearly identifying the actual source of a product—with prominent displays of the defendant's own trademarks, for example—suggests that the defendant used an

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

allegedly infringing phrase in good faith. *Clinical Nutrition Centers, Inc.*, 135 F. Supp. 3d at 1279. Here, Plaintiff's own allegations show good faith. The only example of Defendants' marks Plaintiff provides shows the notable Boss Bags mark prominently placed on its own products and services. *Id.* (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) ("[M]ere speculation [that a phrase is not being used fairly and in good faith] is insufficient; it was [plaintiff's] burden to allege those facts, if they indeed exist, in the first instance.")).

## IV.     PLAINTIFF'S FEDERAL UNFAIR COMPETITION CLAIM FAILS

Plaintiff's Lanham Act unfair competition claim (Count II) is predicated on the same facts as Plaintiff's inadequately pled trademark infringement claim. *Compare* DE 1 ¶¶ 33-38 *with id.*, ¶¶ 39-43. Because Plaintiff's trademark infringement claims fails, so does Count II.

## V.     PLAINTIFF'S COMMON LAW UNFAIR COMPETITION CLAIM (Count III) FAILS

### A. Plaintiff's Unfair Competition Claims Is Partially Preempted

Plaintiff alleges common law unfair competition for, among other things, Defendants' alleged duplication of Plaintiff's bag. Count II is preempted to the extent it relies on patent infringement. *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, 2009 WL 1850190, at *4 (M.D. Fla. June 26, 2009). Count III is also preempted to the extent it is predicated on alleged misuses of Plaintiff's purported "confidential information." *See Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1336 (S.D. Fla. 2002); *ISO Claims Servs., Inc., ACI Div. v. Bradford Techs.*, 2011 WL 13176422,

at *6 (M.D. Fla. Sept. 29, 2011) ("If the information is a trade secret, [ACI's] claim is preempted; if not, [ACI] has no legal interest upon which to base [its] claim.").

**B.** <u>**Plaintiff Failed to Allege a Plausible Unfair Competition Claim**</u>

Because Plaintiff's trademark infringement claim fails, so does its unfair competition claim to the extent it asserts trademark infringement. *See Kobi Karp*, 2020 WL 4287005, at *5. Plaintiff's common law unfair competition claim also fails because the Complaint does not plausibly allege a deceptive or fraudulent act by Kristofik and a likelihood of consumer confusion.

"To prevail on a claim for unfair competition under Florida common law, plaintiff must establish (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion." *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1313 (M.D. Fla. 2017) (Byron, J.). "[T]here is no single set of 'elements that apply uniformly to all claims of unfair competition.' Accordingly, courts have applied elements from other established claims to unfair competition claims, where appropriate, on a case-by-case basis." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 2012 WL 33155, at *4 (M.D. Fla. Jan. 6, 2012).

Plaintiff alleges unfair competition on three factual bases that differ from its trademark infringement claim. First, Plaintiff alleges (at ¶ 46) that Kristofik engaged in unfair competition by asking a manufacturer to "duplicate" Plaintiff's bags, but Plaintiff federal patent law preempts Plaintiff's unfair competition claim to the extent

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

it is based on alleged patent infringement. *See Tropical Paradise Resorts, LLC v. JBSHBM,*
*LLC*, 2019 WL 78983, at *2 (S.D. Fla. Jan. 2, 2019).

Next, Plaintiff essentially alleges (at ¶ 47) misappropriation of trade secrets and,
in so doing, effectively tries to sidestep the statutory requirements for a trade secret.
"To prevail on a [Florida Uniform Trade Secrets Act ("FUTSA")] claim, a plaintiff
must demonstrate that (1) it possessed a 'trade secret' and (2) the secret was
misappropriated." *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1297
(11th Cir. 2018)). To allege a plausible claim under FUTSA, the plaintiff must allege
facts giving rise to the reasonable inference that the information is a "trade secret" and
that there was "misappropriation," as defined in FUTSA. *See* §§ 688.002(2), (4), Fla.
Stat; *Am. Registry, LLC v. Hanaw*, 2014 WL 12606501, at *6 (M.D. Fla. July 16, 2014).

Here, Plaintiff has not plausibly alleged that its customer list constitutes a trade
secret or even "confidential information," that Kristofik "misappropriated" it, or that
Kristofik engaged in conduct likely to cause consumer confusion. Nor does the
Complaint plausibly allege any facts suggesting that Kristofik had a duty to maintain
the confidentiality of any customer lists. Plaintiff's allegations are entirely conclusory.
At bottom, Plaintiff is improperly attempting to use the common law to make an end-
run around the heightened requirements of the FUTSA. "[A]llowing such claims 'to
proceed on the basis that the information may not rise to the level of a trade secret
would defeat the purpose' of FUTSA." *ISO Claims Servs., Inc., ACI Div. v. Bradford*
*Techs., Inc.*, 2011 WL 13176422, at *6 (M.D. Fla. Sept. 29, 2011); *Bliss Clearing Niagara,*

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

*Inc. v. Midwest Brake Bond Co.*, 270 F. Supp. 2d 943, 949 (W.D. Mich. 2003) ("[U]nless [the defendant] misappropriated a (statutory) trade secret, [it] did no legal wrong.").

Next, Plaintiff relies (at ¶ 48) on what amounts to a tortious interference claim. "To establish a claim for tortious interference with an advantageous business or contractual relationship, a party must prove: (1) the existence of a business relationship or contract; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with that relationship by the defendant which induces or otherwise causes nonperformance; and (4) damages resulting from the tortious interference." *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1343 (M.D. Fla. 2006). "The third element, intentional and unjustified interference with a business relationship, requires the plaintiff to allege that 'the defendant acted without justification.'" *Duty Free Ams., v. Estee Lauder*, 797 F.3d 1248, 1280 (11th Cir. 2015).

"Florida law is clear that the privilege of interference encompasses actions taken to protect a company's economic interests as long as the methods employed were not improper." *Id*. at 1282. "The unchallengable controlling principle is that 'so long as improper means are not employed, activities taken to safeguard or promote one's own financial . . . interests are entirely non-actionable.'" *Sec. Title Guarantee Corp. of Baltimore v. McDill Columbus Corp.*, 543 So. 2d 852, 855 (Fla. 2d DCA 1989). "[E]ven if the plaintiff has an existing, terminable-at-will contract, the defendant's interference to protect its economic interests is privileged unless the plaintiff alleges 'a purely

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

malicious motive' divorced from any 'legitimate competitive economic interest.'" *Duty Free Ams.*, 797 F.3d at 1280.

Here, the Complaint does not identify any existing business relationship or contract, or plausibly allege any fraudulent, deceptive, or improper act by Kristofik that *unjustifiably* interfered with its relationships with unidentified customers. Plaintiff tellingly failed to identify any relationships Kristofik interfered with and only parrots conclusory allegations. A "skeletal pleading [that] merely recites the elements of a claim for tortious interference with actual and prospective business relationships, without any factual allegations in support of those elements" is insufficient to survive a motion to dismiss. *Advisors Excel, L.L.C. v. Scranton*, 2014 U.S. Dist. LEXIS 199141, at *20 (S.D. Fla. Sept. 15, 2014). Nor does the Complaint plausibly allege how this conduct is likely to cause consumer confusion.

Accordingly, dismissal is appropriate. *ACG S. Ins. Agency, LLC v. Safeco Ins. Co.*, 2019 WL 8273657, at *9 (M.D. Fla. Dec. 16, 2019) (dismissing unfair competition claim where the complaint failed to plausibly alleged that the defendants' conduct was unfair, fraudulent, or deceptive).

## VI. PLAINTIFF HAS NOT ALLEGED A PLAUSIBLE FDUTPA CLAIM

Plaintiff's FDUTPA claim is due to be dismissed because it is based on the same facts as its unfair competition claim, seeks consequential damages that are not recoverable under FDUTPA, and fails to adequately allege any unfair or deceptive

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

trade practice by Kristofik. Also, Plaintiff's FDUTPA claim is preempted to the extent
it purports to cover patent infringement.

## A. Plaintiff's FDUTPA Claims Is Based on the Same Facts As Its Unfair Competition Claim

Plaintiff's FDUTPA claim is based on the same exact facts as its common law
unfair competition claim and, therefore, should be dismissed. *Suntree Techs., Inc. v.
Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) (granting the defendant
summary judgment on the plaintiff's common law unfair competition claim and
FDUTPA claim based on the same facts) (citing *Custom Mfg. and Eng'g, Inc. v. Midway
Servs., Inc.*, 508 F.3d 641, 652 (11th Cir. 2007) ("Plaintiff's failure to establish a
likelihood of confusion as to its Lanham Act claim also extinguishes its claim under
Florida law.").

## B. The Complaint Seeks Consequential Damages That Are Not Recoverable Under FDUTPA

A FDUTPA claim has three elements: "(i) a deceptive act or unfair practice; (ii)
causation; and (iii) actual damages." *City First Mort. Corp. v. Barton*, 988 So. 2d 82, 86
(Fla. 4th DCA 2008). The term "actual damages" is a "term of art" under Florida law,
which is defined as "the difference in the market value of the product or service in the
condition in which it was delivered and its market value in the condition in which it
should have been delivered." *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454
(Fla. 1st DCA 1984); *see also Eclipse Med., Inc. v. Am. Hydro-Surg. Instruments, Inc.*, 262
F. Supp. 2d 1334, 1357 (S.D. Fla. 1999).

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

"FDUTPA 'actual damages' do not include consequential damages . . . ." *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008); *see also Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (stating that "for purposes of recovery under FDUTPA, actual damages do not include consequential or special damages"); *City First Mortg. Corp.*, 988 So. 2d at 86 (same). Lost profits are a "quintessential example" of consequential damages. *See Nyquist v. Randall*, 819 F.2d 1014, 1017 (11th Cir. 1987). "Additionally, 'harm in the manner of competitive harm, diverted or lost sales, and harm to the goodwill and reputation' are consequential damages." *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1352 (S.D. Fla. 2017) (quoting *Krupa v. Platinum Plus, LLC*, 2017 WL 1050222, at *7 (M.D. Fla. Mar. 20, 2017)); *see Morales v. Bimbo Foods Bakeries Distribution, LLC*, 2019 WL 1558693, at *3 (M.D. Fla. Apr. 10, 2019) (dismissing FDUTPA claim with prejudice that sought to recover damages for lost profits); *Blue Water Innovations, LLC*, 2019 WL 1904589, at *5 (same).

In *Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, the plaintiff alleged that it competed with the defendant to secure contracts with the FAA to provide contract weather observation services, and that the defendant engaged in fraudulent conduct that injured the plaintiff's ability to compete for an FAA contract. 2016 WL 4256916, at *1 (S.D. Fla. May 16, 2016). The plaintiff sought to recover lost profits as "actual damages" under FDUTPA, arguing that since FDUTPA permits business to sue competitors for unfair competition, lost profits are recoverable as "actual

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

damages" under FDUTPA. *Id.*, at *5. The court rejected that argument, explaining that lost profits are consequential damages not recoverable under FDUTPA. *Id.*, at *5–6.

And in *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, this Court granted a defendant summary judgment on a FDUTPA claim seeking to recover lost profits and noted that such consequential damages does "not fall within the two established measures for damages for FDUTPA claim." 302 F. Supp. 3d 1319, 1324 (M.D. Fla. 2016), *aff'd*, 703 F. App'x 814 (11th Cir. 2017).

Here, Plaintiff has not plausibly alleged actual damages. Instead, just as in *HRCC, Ltd.* seeks to recover "loss or revenue and damage to goodwill." DE 1 ¶ 62. The consequential damages Plaintiff seeks are not recoverable under FDUTPA as a matter of law. The Court should, therefore, dismiss, Count IV of the Complaint with prejudice. *See Flexstake, Inc. v. DBI Servs., LLC*, 2018 WL 6270972, at *3 (S.D. Fla. Nov. 30, 2018) (recognizing that harm to goodwill and lost profits are not recoverable under FDUTPA); *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012) ("Florida courts specifically reject the recovery of consequential damages under FDUTPA. Accordingly, Defendants' motion is granted and Plaintiffs' request for lost profits under FDUTPA is dismissed with prejudice.").

## C. <u>The Complaint Does Not Plausibly Allege that Kristofik Violated FDUTPA</u>

A successful FDUTPA claim requires plausibly alleging a deceptive or unfair trade practice. *Kais v. Mansiana Ocean Residences, LLC*, 2009 WL 825763, at *2 (S.D.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

Fla. Mar. 26, 2009). A FDUTPA that does not adequately plead a deceptive or unfair trade practice and causation must be dismissed. *Id*.

Here, the Complaint does not plausibly allege that Kristofik engaged in any deceptive or unfair trade practice. While Plaintiff alleges four discrete acts that form the basis of its FDUTPA violation (DE 1 ¶¶ 54-57), Plaintiff has not plausibly alleged how any of those acts are fraudulent, deceptive, unfair, or how they relate to consumers.

The Court should reject Plaintiff's improper attempt to convert FDUTPA into a vehicle to assert disparate legal theories that are ordinarily discrete and separate claims. Alleged replication of Plaintiff's product, use of Plaintiff's confidential information, and interference with Plaintiff's business relationships have no connection to FDUTPA's expressly stated purpose of protecting *consumers*.

Accordingly, the Court should dismiss Count IV for this additional reason.

### D. Plaintiff's FDUTPA Claim Is Partially Preempted

Plaintiff bases its FDUTPA claim, at least in part, on its allegations that Krisotfik asked a manufacturer to "duplicate" Plaintiff's bags and used confidential information learned during his employment. *See* DE 1 ¶¶ 55, 56. Plaintiff's FDUTPA claim, however, is preempted to the extent it based on alleged patent infringement. *Tropical Paradise Resorts*, 2019 WL 78983, at *1. Plaintiff's FDUTPA claim is also preempted to the extent it is based on alleged misappropriation of "confidential information" or trade secrets, even if the alleged "confidential information" does not

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

rise to the level of a statutory trade secret. *Am. Registry, LLC v.*, 2014 WL 12606501, at *6; *see Coleman*, 232 F. Supp. 2d at 1335 ("[T]he UTSA 'displace[s] conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.").

## VII. PLAINTIFF'S PATENT INFRINGEMENT CLAIM FAILS

The Complaint fails to specify the manner and means by which Kristofik infringed on the '572 Patent.

In order to state a claim for patent infringement, "the allegedly infringing product must practice all elements of a patent claim." *Raptor, LLC v. Odebrecht Constr.*, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017). Furthermore, "[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *Id.* A plaintiff must also describe the means by which the accused product infringes the plaintiff's patent to state a plausible claim for relief.[2] *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2007 WL 4468696, at *1 (M.D. Fla. Dec. 18, 2007) (dismissing patent infringement claim where the plaintiff "failed to adequately describe the means by which the [the defendant] allegedly infringed the [relevant] Patent"); *Disc Disease Sols., Inc. v. VGH*

---

[2] This rule applies under *Iqbal* and Twombly, even after the abolishment or Rule 84 and Form 18. *Endura Products, Inc. v. Global Products Int'l Group, LLC,* 2017 WL 3597506, * 5 n.5 (N.D. Ga. May 25, 2017).

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

*Sols., Inc.*, 2016 WL 6561566, at *3 (M.D. Ga. Nov. 2, 2016) (finding insufficient pleadings where the plaintiff merely alleged that certain of the defendants' products "meet each and every element of at least one claim of" the plaintiff's patents, and the plaintiff made no effort to explain how the defendants' products infringed on any of the plaintiff's claims).

In *Blue Water Innovations, LLC* the plaintiff alleged that the defendants infringed its patents by selling a "knockoff" version of plaintiff's product. 2019 WL 1904589, at *1. The complaint alleged that the defendants "sold and offered for sale [products] that are virtually identical to the design claimed in the [patents]." *Id.* at *2. (second alteration in original). The court noted that the complaint failed to name a single claim in plaintiff's patent and similarly failed to describe how the defendants' product infringed on the plaintiff's patent and dismissed the plaintiff's claim. *Id.*

Here, Plaintiff's patent infringement claim must be dismissed because the Complaint, similar to *Blue Water Innovations, LLC* fails to plausibly a single claim in the '575 Patent, "let alone describe how the Defendants' product infringes on any of the elements of these claims." Plaintiff alleges (at ¶ 66) that Exhibit J to its Complaint demonstrates that the Accused Product "infringe[s] at least Claim 1 in the '575 Patent." Exhibit J and Plaintiff's conclusory allegations mirror the allegations the court found insufficient in *Disc Disease Sols., Inc.*, 2016 WL 6561566, at *3.

Consequently, Plaintiff's allegation that Kristofik infringed the '575 Patent is a legal conclusion not entitled to the presumption of truth. Taken together, these deficiencies warrant dismissal. *See Sundesa, LLC v. JH Studios, Inc.*, 2020 WL 4003127,

26

at *5 (M.D. Fla. July 15, 2020); *Ziemba v. Incipio Techs., Inc.*, 2014 WL 4637006, at *3 (D.N.J. Sept. 16, 2014) ("To be clear, the allegation that Defendants' actions in manufacturing, using, offering to sell, and/or selling of [products] that are covered by one or more claims of the '852 Patent constitute a violation of [patent law] is-without more-entirely conclusory . . . and thus does not benefit from the presumption of truth."). Plaintiff's allegations are just as conclusory, and, therefore, deficient, as the plaintiff's in *Ziemba*. Thus, dismissal is appropriate.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant James Kristofik respectfully requests that the Court dismiss the Complaint. Kristofik requests that the Court dismiss Count IV with prejudice because Plaintiff has not, and cannot, allege actual damages under FDUTPA.

DATED: February 9, 2021.

> *s/ Andrew R. Schindler*
> FBN 124845
> *aschindler@grsm.com*
> **ARI C. SHAPIRO**
> FBN
> *ashapiro@grsm.com*
>
> **GORDON REES SCULLY MANSUKHANI LLP**
> 100 SE 2nd Street, Suite 3900
> Miami, Florida 33131
> Telephone: (305) 428-5339
> *Counsel for Defendant*
> *James Kristofik*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record designated to receive service in CM/ECF.

*s/ Andrew R. Schindler*

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131