IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

BULLBAG CORPORATION,
       Plaintiff,

                               Case No. 6:20-cv-2249

v.

BAGS O MONEY, LLC, BAGS O MONEY LLC,
MONEY O BAGS, LLC, JAMES KRISTOFIK,
and PAUL MARSHALL,
       Defendants.
_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JAMES KRISTOFIK'S MOTION TO DISMISS**

Plaintiff, BullBag Corporation ("BullBag") opposes Defendant James Kristofik's ("Kristofik") Motion to Dismiss [Dkt. 31] and in support, states as follows:

**I.**     **BACKGROUND**

BullBag is the inventor and industry leader of the reusable and foldable dumpster bag. Compl. ¶ 1. BullBag's patented innovation is the result of years of extensive and expensive research and development.

Kristofik is Plaintiff's former employee, who set out after his departure to unfairly compete against Plaintiff, using Plaintiff's technology, goodwill, contacts, and confidential information. To this end, Kristofik partnered with the other defendants (some of which are corporate entities that Kristofik himself formed). Each of the other defendants has abandoned Kristofik, wanting nothing to do with his infringing activities.

Kristofik's Motion seeks to avoid liability for his infringing conduct by arguing that the Complaint fails for several enumerated reasons. Kristofik's perfunctory request for dismissal is nothing but a transparent effort to delay an adjudication on the merits. Kristofik's Motion should be denied.[1]

## II. LEGAL STANDARD

In ruling on a motion to dismiss, the primary issue "is whether, in the light most favorable to the *plaintiff,* the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotations omitted) (emphasis added). The Court "must accept as true all of the factual allegations contained in the complaint" and must construe the complaint "so as to do justice." *Erickson v. Pardus*, 551 U.S. 89, 94–95 (2007); Fed. R. Civ. P. 8(e). Further, motions to dismiss only test the sufficiency of the case, not the merits. *Groupon Inc. v. MobGob LLC*, 2011 WL 2111986, *2 (N.D. Ill. May 25, 2011). A motion to dismiss should be granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004).

### A. Trademark Infringement and Unfair Competition

To plead a claim for trademark infringement or unfair competition, BullBag

---

[1] Kristofik's motion additionally suffers from a procedural defect because Kristofik did not, and could not, include a Local Rule 3.01(g) certification. In fact, Kristofik did not even attempt to confer with BullBag's counsel before filing his Motion to Dismiss as required by Local Rule 3.01(g). As discussed infra, the Complaint is not fatally flawed, and any perceived deficiencies could have been resolved if the parties conferred as required by the Local Rules. Additionally, BullBag can, with leave of the court, amend the complaint.

need only allege sufficient facts to render plausible the conclusion that consumers are likely to be confused about some aspect of the commercial relationship between BullBag and Kristofik. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Rule 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of the . . . claim is and the ground upon which it rests." *Id.* at 545 (internal quotations omitted).

Section 32(1) of the Trademark Act of 1946 provides as follows, in pertinent part:

> Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1). Section 43(a)(1) provides for additional protections against unfair forms of competition involving the use of trademarks:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

3

>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[] . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

### B. FDUTPA

Under Florida law, it is unlawful for a person to commit "unfair or deceptive actions or practices in the conduct of any trade or commerce." § 501.204(1), Fla. Stat.; *Commodores Ent. Corp v. McClary*, 324 F. Supp. 3d 1245, 1252 (M.D. Fla. 2018) (quoting § 501.204(1), Fla. Stat.). To set forth a claim under FDUTPA, a plaintiff must sufficiently allege the following elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *McKesson Corp. v. Benzer Pharmacy Holding LLC*, 2020 WL 7054678, at *4 (M.D. Fla. 2020). "A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one that 'offends established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* (quoting *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1364 (M.D. Fla. 2007)). "FDUTPA is to be construed 'liberally' to promote its underlying policies." *Fruitstone v. Spartan Race Inc.*, Case No. 1:20-cv-20836-BLOOM/Louis, 24 (S.D. Fla. May. 28, 2020); § 501.202(1), Fla. Stat.

### C. Patent Infringement

The Federal Circuit, the reviewing court for patent infringement claims, has stated the "five elements of a patent infringement pleading, to (i) allege ownership

4

of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790 (Fed. Cir. 2000)); *see also WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 718576, *3 (M.D. Fla. Feb. 20, 2019) (citing *Bed Bath & Beyond*, 705 F.3d at 1362) (same). "[T]his is enough detail to allow the defendant to answer and . . . Rule 12(b)(6) requires no more." *Bed Bath & Beyond, Inc.*, 705 F.3d at 1362 (quotations omitted).

A plaintiff "need not prove its case at the pleading stage." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citation omitted); *WhereverTV, Inc.*, 2019 WL 718576, *8 (M.D. Fla. Feb. 20, 2019) (same). "The complaint must place the 'potential infringer . . . on notice of what activity . . . is being accused of infringement.'" *Id.* "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Id.* at 1355.

"A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Bed Bath & Beyond, Inc.*, 705 F.3d at 1364 (citation omitted).

BullBag has plausibly pleaded its claims. Kristofik's motion should be denied.

5

## III. ARGUMENT

### A. BullBag has Sufficiently Alleged Plausible Claims Against Kristofik in his Individual Capacity.

Under the Lanham Act, "[n]atural persons, as well as corporations, may be liable for trademark infringement . . . where the individual agent acted as a 'moving, active, conscious force behind [the corporation's] infringement." *ADT LLC v. Sec. Networks, LLC*, No. 12-81120-CIV, 2017 U.S. Dist. LEXIS 38877, at *6 (S.D. Fla. Mar. 15, 2017) (quoting *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472 (11th Cir. 1991)) (some alterations in original). Personal liability "may be shown by an officer's active participation in the wrongful conduct, even if in the course of his or her official duties." *Id.* (citation omitted). "Thus, a corporate officer who knowingly directs, authorizes, controls, approves or ratifies the infringing activity may be personally liable, without regard to piercing the corporate veil." *Id.* (citing *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)); *see also Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814 (9th Cir. 1996) (in trademark infringement and unfair trade practices cases, corporate officer is personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as agent of corporation).

BullBag has plead that (1) Kristofik is an agent of two of the corporate defendants, and that Kristofik, together with the corporate defendants are in cahoots with the remaining defendants for the sole and exclusive purpose of infringing BullBag's intellectual property and unfairly competing with BullBag; and (2) Kristofik

directed and controlled the operations of the corporate defendants. Simply put, Kristofik was, and is, the moving, active, conscious force behind the infringement. Compl. ¶ 22.

Kristofik was employed by BullBag until November 2019. Compl. ¶ 17. Not even a year after his departure from BullBag, on August 10, 2020, Kristofik formed the Florida limited liability company, Defendant Bags O Money, LLC ("Bags O Money FL") (Compl. ¶ 18), which Kristofik signed as a "member or an authorized representative" in the filing with the State of Florida. Kristofik is listed as the registered agent of Bags O Money FL. Compl. ¶ 5. In June. 2020, *prior to* forming Bags O Money FL, Kristofik contracted with a third party, JohnPac, LLC ("JohnPac"), to manufacture a dumpster bag using a BullBag dumpster bag as a sample, which Kristofik provided to JohnPac. Compl. ¶¶ 24–25. Kristofik contracted with JohnPac as Bags O Money, LLC d/b/a Boss Bags ("Bags O Money KY") with delivery of the infringing dumpster bags to be made to Bags O Money FL. *Id.*

Kristofik's reliance on *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) for piercing the corporate veil is inapposite, as the case did not concern claims of trademark infringement. Where "an individual actively and knowingly caused the [trademark] infringement, he is personally liable." *Chanel*, 931 F.2d at 1478. The Complaint pleads how Kristofik is the driving force behind the infringing conduct, and as such he is on notice of his personal liability.

B.  **The Complaint is Not a Shotgun Pleading**

A shotgun pleading is one where "each count . . . adopts the allegations of all preceding counts." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014); *see also Woelfel v. Life Partners, Inc.*, 2014 WL 7238196, at *1–2 (S.D. Fla. Dec. 17, 2014) (citing *Paylor*, 748 F.3d at 1125–26 & n.2).

Here again, Kristofik tries to avoid answering the complaint because, he claims, it is a shotgun pleading. In fact, on its face, the Complaint does not "adopt[] the allegations of all preceding counts." Instead, each count "incorporates by reference paragraphs 1 through 32" consisting of the general allegations of the Complaint. *See generally* Compl. Therefore, BullBag's Complaint is not a "typical shotgun pleading" because each of the five counts presents only one discrete claim for relief. *Cf. Bickerstaff Clay Prod. Co. v. Harris Cty.*, 89 F.3d 1481, 1484 (11th Cir. 1996) (eight count complaint found to be a "typical shotgun pleading, in that some of the counts present more than one discrete claim for relief").

    1.    *BullBag Does Not Incorporate Disparate Legal Theories into Each Claim.*

Kristofik misrepresents the facts and tries to mislead the Court. Contrary to Kristofik's assertions, the Complaint does not "incorporate[] various, disparate legal theories into Counts II through IV." Motion to Dismiss ("Mot."). at 6. Indeed, the Complaint does not "assert[] claims for tortious inference, misappropriation of trade secrets, tortious interference" as Kristofik incorrectly contends. *See id.* Rather, BullBag correctly alleges that Kristofik and his co-defendants engaged in unfair or

8

deceptive trade practices in violation of Florida law for which BullBag has suffered actual damages.

Notwithstanding, should the court agree with Kristofik, BullBag is entitled to amend its complaint under the Federal Rules. Fed. R. Civ. P. 15; s*ee infra* Part IV.

> 2. *Defendants' Collective Unlawful Actions have been Set into Motion by Kristofik.*

"A dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015) (citation omitted). The purpose of notice pleading is to put a defendant on notice of the plaintiff's claims against him. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

Here, as in *Weiland* cited by Kristofik, the Complaint sufficiently puts Kristofik on notice of BullBag's claims. The Complaint consists of nineteen (19) paragraphs under the heading "General Allegations." Of the nineteen (19) paragraphs, at least twelve (12) paragraphs articulate the facts that "clearly and concisely" describe Defendants', including Kristofik's infringing conduct. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015). While Kristofik may disagree about the clarity of the allegations, it is not "virtual impossible" for him "to know which allegations of fact are intended to support which claim(s) for relief." *Id.*

### C. BullBag's Claims are Sufficiently Plead as a Matter of Law

1. *BullBag has Alleged a Plausible Trademark Infringement Claim.*

"To establish a prima facie case for trademark infringement, 'a plaintiff must show (1) that the plaintiff had enforceable ... rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two.'" *Brain Pharma, Ltd. Liab. Co. v. Scalini*, 858 F. Supp. 2d 1349, 1353 (S.D. Fla. 2012) (quoting *Crystal Ent. & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1321 (11th Cir. 2011)). "[T]he analysis of the Florida statutory and common law claims of trademark infringement ... is the same as under the federal trademark infringement claim." *Peterbrooke Franchising of Am., LLC v. Miami Chocolates, LLC*, 312 F. Supp. 3d 1325, 1339 (S.D. Fla. 2018) (quoting *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 652–53 (11th Cir. 2007)) (alterations in original).

BullBag has alleged that is has acquired enforceable trademark rights in its federal registrations. *See, e.g.,* Compl. ¶¶ 14, 27–30, 34. Two (2) of BullBag's asserted registrations are incontestable. BullBag has also alleged that Kristofik has adopted a mark that is confusingly similar to, and likely to cause confusion with, BullBag's trademarks. *See, e.g.,* Compl. ¶¶ 35, 40.

a. <u>The BullBag Marks are Inherently Distinctive.</u>

The BullBag marks are inherently distinctive and strong trademarks. *See, e.g., FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1083 (11th Cir. 2016). The more distinctive the mark, the more readily it qualifies for the principal register. The most distinctive marks—those that are "'arbitrary' ('Camel' cigarettes),

10

'fanciful' ('Kodak' film), or 'suggestive' ('Tide' laundry detergent)"—may be placed on the principal register because they are "inherently distinctive." *United States Patent & Trademark Office v. Booking.com B. V.*, 140 S. Ct. 2298, 2302 (2020).

Each of the BullBag registrations are registered on the Principal Register. A federal registration on the Principal Register of the United States Patent and Trademark Office ("USPTO") is prima facie evidence of the validity of the registered trademark and of the registration of the trademark, of the registrant's ownership of the trademark, and of the registrant's exclusive right to use the registered trademark in connection with the goods and services recited in the registration. *See* 15 U.S.C. § 1057(b), 1115(a).

Additionally, two of BullBag's asserted registrations are incontestable. Once registered for five (5) years, a federal trademark registration becomes "incontestable" and is "*conclusive* evidence of the validity of the registered mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b) (emphasis added). An incontestable registration may only be cancelled under limited circumstances. *Id.* Indeed, Kristofik's attempt to attack the BULL BAG mark on purportedly descriptiveness grounds is legally impermissible. *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 205 (1985) ("We conclude that the holder of a registered mark may rely on incontestability to enjoin infringement and that such an action may not be defended on the grounds that the mark is merely descriptive."). Not only is Kristofik unable to challenge these marks on the basis of descriptiveness, the incontestable status of the '770 and '153 Registrations each further demonstrate

the strength of the BullBag marks. *See Frehling Enterprises, Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1336 (11th Cir. 1999) ("…the mark's incontestability serves to enhance its strength.").

       b.  <u>Kristofik's Conduct is Infringement, Not Fair Use.</u>

  The allegations of the Complaint, taken as true for purposes of a motion to dismiss, establish that Kristofik is a former employee of BullBag with knowledge of the patented BullBag dumpster bags. Any use of the BullBag trademarks is not descriptive fair use as Kristofik claims. Instead, they are a blatant attempt to trade on BullBag's reputation and goodwill.

  Fair use requires Kristofik prove that he used the infringing marks: (1) other than as trademarks; (2) in a descriptive sense; and (3) in good faith. *See Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006). While Kristofik will be unable to prove any of these elements, his attempt to avoid the pleadings fails drastically under both the first and third elements. Concerning the word "Bags," Kristofik's argument is simply a red herring and distraction. One does not use bits and pieces of a trademark as a mark, while using other bits and pieces in a descriptive sense. Kristofik is clearly using "BOSS BAGS" in a trademark sense and such usage is not a descriptive fair use.

  Concerning the slogan, Kristofik is clearly using the phrase "You Fill it, We Haul It!" as a trademark. He uses specialized capitalization, and has incorporated the mark directly into his logo:



The Trademark Trial and Appeal Board, has recognized that such use of capitalization reflects trademark usage. *See Frito-Lay N. Am., Inc. v. Princeton Vanguard*, LLC, 124 U.S.P.Q.2d 1184 (T.T.A.B. 2017) ("We note that many of these excerpts, from business as well as industry publications, are the work of authors who indicate an understanding that a brand is referenced by use of uppercase letters.").

Second, "good faith" asks "whether the alleged infringer intended to trade on the good will of the trademark owner by creating confusion as to the source of the goods or services." *Int'l Stamp Art*, 456 F.3d at 1274. The Complaint clearly pleads that Kristofik, after working as BullBag's salesperson, set out to capitalize on the goodwill he knew belonged to BullBag. Kristofik's usage is not a fair usage, and is clearly designed to capitalize on BullBag's goodwill.

      2.    *BullBag has Alleged Plausible Federal and Common Law Unfair Competition Claims.*

To state a claim for unfair competition and false designation of origin, "a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647–48 (11th Cir. 2007); *see also RGS Labs. Int'l, Inc. v. The Sherwin-Williams Co.*, No. 09-14242-CIV, 2010 U.S. Dist. LEXIS 8339, 2010 WL

317778, at *3 (S.D. Fla. Jan. 11, 2010) (plaintiff stated a claim for false designation of origin where it alleged that it had prior rights in the mark, and "[d]efendants conducted unauthorized sales . . . [and] marketed a similar product with a similar name . . . ."). For the same reasons above, BullBag has stated a claim for unfair competition, and the Complaint should not be dismissed.

Kristofik baldly asserts that BullBag's state unfair competition claims are preempted by federal patent laws without any facts or supporting authority to show that the unfair competition claim "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, 2009 WL 1850190, at *4 (M.D. Fla. June 26, 2009). In fact, BullBag's unfair competition claims are not preempted by federal patent law because the unfair competition claims do not "offer patent-like protection to intellectual property inconsistent with the federal scheme." *Id.* (quoting *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1475 (Fed. Cir. 1998)).

BullBag has plead its unfair competition in violation of Florida common law based on "separate and independent conduct from its patent law claim," thus "survive[s] preemption." *Id.*

        3.    *BullBag has Alleged a Plausible FDUTPA Claim*.

BullBag's FDUTPA claim should survive a motion to dismiss for the same reasons its trademark infringement claims survive. "[T]rademark infringement is an unfair and deceptive trade practice that constitutes a violation of FDUTPA." *Commodores Ent. Corp v. McClary*, 324 F. Supp. 3d 1245, 1252 (M.D. Fla. 2018) (citing *TracFone Wireless, Inc. v. GSM Grp.*, 555 F. Supp. 2d 1331 (S.D. Fla. 2008)).

14

4.  *BullBag has Alleged a Plausible Patent Infringement Claim.*

BullBag has plead patent infringement. Specifically, BullBag (i) alleged ownership of U.S. Patent No. 10,442,575 (the "'575 Patent") (Compl. ¶ 30), (ii) alleged the name of each defendant (Compl. ¶¶ 3–8), (iii) cited the patent that is allegedly infringed (Compl. ¶ 30), (iv) stated the means by which the defendant allegedly infringes (Compl. ¶¶ 30, 66, & Exhibit J), and (v) pointed to the sections of the patent law invoked (Compl. ¶¶ 9, 13). Accordingly, BullBag "has met the standard articulated in *Phonometrics* for stating a claim under § 271." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790 (Fed. Cir. 2000)).

In *Nalco*, the Federal Circuit reversed the trial court's finding that Nalco failed to allege direct patent infringement. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018). Here, like *Nalco*, BullBag alleged Kristofik "performed various activities with specific intent to induce others, including" JohnPac, "to infringe by, among other activities, providing instructions" to make an identical dumpster bag using the BullBag® dumpster bag as a sample. Compl. ¶ 23; *Nalco*, 883 F.3d at 1355. Kristofik specifically intended for JohnPac to infringe the '575 Patent, and Kristofik knew that JohnPac's actions would indeed constitute infringement. *See id.*

"Contributory infringement occurs if a party sells, or offers to sell, 'a component of a patented . . . combination, . . . or a material . . . for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such

15

patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.'" *Nalco*, 883 F.3d at 1356 (quoting 35 U.S.C. § 271(c)). BullBag alleged that Defendants, including Kristofik, contributorily infringed the '575 Patent by "marketing, advertising, offering for sale, using, selling, and/or importing products under the name 'Boss Bags' that duly embody the inventions as claimed therein." Compl. ¶ 67.

Kristofik cites *Blue Water Innovations, LLC v. Fettig*, 2019 WL 1904589, *2 (S.D. Fla. Mar. 8, 2019) to support dismissal of BullBag's patent infringement claim here. However, unlike the plaintiff in *Blue Water*, BullBag has alleged infringement of at least Claim 1 of the '575 Patent. Indeed, courts have declined to dismiss a direct infringement claim simply because the defendant's "actual grievance is that the [complaint] is short on details . . . when every element has otherwise been presented." *Decurtis LLC v. Carnival Corp.*, No. 20-22945-Civ-SCOLA/TORRES, 2021 U.S. Dist. LEXIS 3163, at *25 (S.D. Fla. Jan. 6, 2021). In other words, the allegations are sufficient to put Kristofik "'on notice of what activity . . . is being accused of infringement." *Id.* (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

Kristofik also complains that BullBag's allegations and Exhibit J to the Complaint are conclusory. Motion at 26. On the contrary, BullBag *does* sufficiently tie specific operation to a patent claim, instead of relying on the bare assertion that Defendants infringe. The Complaint alleges that Kristofik's conduct infringes at least claim 1 of the '575 patent. Compl. ¶ 67. In Exhibit J to the Complaint, BullBag recites the elements of Claim 1 and shows a pictorial representation of the

infringing "Boss Bags" features that "practice all elements of a patent claim" and visually describes "the means by which the accused product infringes" the '575 Patent. *See* ECF No. 1-10. *Cf.* Mot. at 25. "In evaluating a motion to dismiss a plaintiff's complaint, the court will consider the allegations in the complaint and any documents attached thereto." *United States v. Floyd*, 125 Fed. Cl. 183 n.2 (2016).

Importantly, Kristofik relies on the unpublished decision in *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 2016 WL 6561566, at *3 (M.D. Ga. Nov. 2, 2016) to support its insufficiency argument warranting dismissal. However, the Federal Circuit revered the trial court in *Disc Disease Sols*. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding trial court erred in dismissing patent infringement claims where "allegations [were] sufficient under the plausibility standard of Iqbal/Twombly"; and the "complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim of the [asserted patents], either literally or equivalently.'"). Simply put, Kristofik's authority is not good law, and BullBag's complaint sufficiently puts Kristofik on notice of the alleged infringement.

The motion to dismiss must be denied because BullBag's pleadings comply with Rule 8, state the correct law, and show plausible entitlement to relief. *Twombly*, 550 U.S. 544, 546; *see also Bed Bath & Beyond, Inc.*, 705 F.3d at 1364 (reversing dismissal of patent infringement count).

17

## IV. MOTION FOR LEAVE TO AMEND COMPLAINT

A court should give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (the decision to grant leave to amend is within the discretion of the court). Leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason –such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (internal quotes omitted). A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. Fed. R. Civ. P. 15(a)(2). Therefore, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In general, "a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). BullBag has not previously amended or sought leave to amend the Complaint. Moreover, BullBag is requesting leave to amend its Complaint promptly after receiving Defendants' Motion to Dismiss. *See* ECF No. 31. Additionally,

Plaintiff's request to amend the Complaint is timely as this Court has not yet issued a scheduling order setting forth a deadline to amend pleadings.

Therefore, if the Court grants Kristofik's Motion to Dismiss, BullBag respectfully requests the Court enter an order granting Plaintiff leave to amend the Complaint.

## V.   CONCLUSION

This case should proceed on the merits because Plaintiff, BullBag Corporation, has properly pleaded its trademark, unfair competition, FDUPTA, and patent infringement claims against Defendant James Kristofik.

WHEREFORE, Plaintiff, BullBag Corporation, respectfully requests that the Court deny Defendant James Kristofik's Motion to Dismiss and award any other relief that the Court deems just and appropriate.

March 2, 2021

>　　　　　　　　　　　　　　　　　　*/s/ Woodrow H. Pollack*
>　　　　　　　　　　　　　　　　　　Woodrow H. Pollack,
>　　　　　　　　　　　　　　　　　　Florida Bar No. 26802
>　　　　　　　　　　　　　　　　　　Shutts & Bowen, LLP
>　　　　　　　　　　　　　　　　　　4301 W. Boy Scout Blvd
>　　　　　　　　　　　　　　　　　　Suite 300
>　　　　　　　　　　　　　　　　　　Tampa, FL 33607
>　　　　　　　　　　　　　　　　　　(813) 463-4894
>　　　　　　　　　　　　　　　　　　wpollack@shutts.com
>　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on <u>March 2, 2021</u> a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/<u>*Woodrow H Pollack*</u>/

Woodrow H Pollack