# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BULLBAG CORPORATION,**

    **Plaintiff,**

v.                                         Case No: 6:20-cv-2249-PGB-GJK

**BAGS O MONEY, LLC, BAGS O MONEY, LLC, MONEY O BAGS, LLC, JAMES KRISTOFIK and PAUL MARSHALL,**

    **Defendants.**

## ORDER

This cause comes before the Court on Defendant James Kristofik's Motion to Dismiss (Doc. 31 (the "**Motion**")). Plaintiff responded in opposition. (Doc. 37). The Complaint is due to be dismissed as a shotgun pleading.

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted). Shotgun complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

The Complaint falls squarely within the fourth category of shotgun pleadings identified by *Weiland*. Plaintiff alleges five Counts against five Defendants without delineating each Defendants' liability-creating conduct. (Doc. 1). Although Plaintiff initially explains the relationships between Defendants as business entities (*see id.* at p. 2), the remainder of the Complaint simply refers to "Defendants" as a monolith. "The requirements of Rule 8 are particularly pertinent when related companies are sued." *Circuitronix, LLC v. SHenzen Kinwon Elec. Co.*, No. 17-cv-22462, 2018 WL 7287192, at *7 (S.D. Fla. Jan 31, 2018) (internal quotations omitted). By lumping Defendants together, neither Defendants nor the Court can adequately discern who did what. The Complaint is too ambiguous for each Defendant to respond the individual allegations against it.[1]

Accordingly, it is **ORDERED** that the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.[2] Plaintiff shall file an Amended Complaint on or before April 5, 2021.

---

[1] To be sure, the Eleventh Circuit has recognized that some complaints "can be fairly read to aver that all defendants are responsible for the alleged conduct." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). This could very well be such a case. However, in its current state, the Complaint lacks sufficient factual detail regarding each individual Defendant to accuse them all collectively.

[2] "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff *one chance* to remedy such deficiencies." *Jackson v. Bank of Am., N.A.*, No.

**DONE AND ORDERED** in Orlando, Florida on March 22, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

16-16685, 2018 WL 3673002, at *6 (11th Cir. Aug. 3, 2018) (internal citations and quotations omitted) (emphasis added).