# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BULLBAG CORPORATION,**

       **Plaintiff,**

v.                                           Case No: 6:20-cv-2249-PGB-GJK

**BAGS O MONEY, LLC, BAGS O MONEY, LLC, MONEY O BAGS, LLC, JAMES KRISTOFIK and PAUL MARSHALL,**

       **Defendants.**
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 17 (the "**Motion**")). Defendants responded in opposition. (Doc. 27). The Motion is due to be denied.

**I.    BACKGROUND**

Plaintiff sells reusable and foldable dumpster bags—marketed as the "BullBag"—throughout New England, New York, Texas, and Florida. (Doc. 17, p. 2). Plaintiff employed Defendant James Kristofik ("**Kristofik**") as a Florida sales manager between April 2017 and November 2019. (*Id.* at p. 3). Plaintiff alleges that, upon termination of his employment, Kristofik took certain materials and supplies belonging to Plaintiff, including confidential client information. (*Id.*).

Kristofik partnered with Defendant Paul Marshall ("**Marshall**"). (*Id.*). Together, they contracted with JohnPac, LLC ("**JohnPac**"), to manufacture 1,400

"identical, knock-off bags." (*Id.*). Defendants are now selling those bags under the brand name "Boss Bags." (*Id.* at p. 4).

Plaintiff initiated this action by filing a Complaint alleging trademark infringement, unfair competition, and patent infringement. (Doc. 1). The instant Motion seeks to enjoin Defendants from "further manufacturing, using, marketing, offering to sell, or selling its knockoff reusable waste bags and to cease using branding that is confusingly similar to Plaintiff's trademarks." (Doc. 17, p. 5).

## II. STANDARD OF REVIEW

The grant or denial of a preliminary injunction rests in the discretion of the district court. *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).[1] The district court, however, does not have unbridled discretion and must exercise that discretion in light of the "four prerequisites for the extraordinary relief of preliminary injunction." *Id.* (internal quotation marks omitted). The parties agree that the four prerequisites which Plaintiffs must establish are: (1) a substantial likelihood of success on the merits of the underlying case; (2) irreparable harm in the absence of an injunction; (3) that the harm suffered by Plaintiffs in the absence of an injunction would exceed the harm suffered by Defendants if the injunction issued; and (4) that an injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002); *Miccosukee Tribe of*

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions rendered by the former Fifth Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Indians of Fla. v. United* States, 571 F.Supp.2d 1280, 1283 (S.D. Fla. 2008). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to *each* of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (emphasis added).

### III. DISCUSSION

At this stage in the litigation, Plaintiff fails to carry its burden of proving a substantial likelihood of success on the merits of the underlying case and/or irreparable harm in the absence of an injunction. The Court will address each cause of action in turn.

#### A. Trademark Infringement

The Lanham Act provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). In order to prevail on a federal trademark infringement claim under § 1114, Plaintiff must demonstrate (1) that its marks had priority over Defendant's marks, and (2) that Defendant's marks were likely to cause consumer confusion. *See Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). The second element— consumer confusion—requires the district court to balance seven factors:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

*Tana v. Dantanna's,* 611 F.3d 767, 774–75 (11th Cir. 2010). The likelihood of confusion is a question of fact. *Jellibeans, Inc. v. Skating Clubs,* 716 F.2d 833, 840 n.16 (11th Cir. 1983).

Plaintiff demonstrates ownership of the federally registered trademarks "BullBag" (in various spellings) and "You fill it, we dump it, you keep it." (Doc. 17, p. 8). Therefore, the question before the factfinder will be whether consumers are likely to be confused by Defendant's use of the trademarks "Boss Bags" and "You fill it, we haul it."

In comparing marks, the court "considers the overall impressions that the marks create, including the sound, appearance, and manner in which they are used." *Frehling Enterprises, Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1337 (11th Cir. 1999). "Overwhelming visual dissimilarity can defeat an infringement claim, even where the other six factors all weigh in favor of the plaintiff." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1361 (11th Cir. 2007). "The design, particularly if prominent . . . may dominate or at least be a significant factor in distinguishing the

marks." Richard L. Kirkpatrick, Likelihood Of Confusion In Trademark Law § 4:9.2 (2006). Indeed, "differences in designs may outweigh similarity of words." *Id.*[2]

Here, the overall impression of Plaintiff's mark (left) is strikingly dissimilar from Defendant's mark (right):



(Doc. 27, p. 4). The colors, typeface, accompanying cartoon images, and general appearance are overwhelming dissimilar.[3] The Court is simply not convinced that a reasonable jury could find that the two logos are capable of confusion. This factor weighs so heavily against Plaintiff that the Court is unable to find a substantial likelihood of success on the merits at this stage of the litigation. *See Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1208–09 (11th Cir. 2004) (affirming summary judgment for the defendant because logo designs were

---

[2] This may be true even where the words are identical. *See, e.g., Packman v. Chicago Tribune Co.*, 267 F.3d 628, 644 (7th Cir. 2001) ("Although the words . . . are the same, the words' appearances do not resemble each other and are not likely to cause confusion."); *Private Eyes Sunglass Corp. v. Private Eye Vision Center of New Milford*, 25 U.S.P.Q.2d 1709, 1715 & 1718-19 (D. Conn. 1992) (holding no likelihood of confusion notwithstanding near identity of PRIVATE EYE and PRIVATE EYES where "the print design and the logotype reduce the potential for confusion that would otherwise be inherent given the similar wordings").

[3] The Court also notes that the main similarities between Plaintiff and Defendant's marks are generic terms/phrases. A generic term is one whose "primary significance . . . to the relevant public is as an identifier of the nature of the good, rather than its source." *Boston Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 18 (1st. Cir. 2008). The presence of a generic term or phrase in a full mark—such as "pizza" in DOMINO'S PIZZA—affects the analysis of whether a competitor's mark containing the same component is likely to create confusion. *Id.* Therefore, the identification of both parties' bags as "bags" where "you [the consumer] fill it" carries little weight.

"overwhelmingly dissimilar," even though the remaining six factors weighed in favor of the plaintiff).

### B. Unfair Competition

Counts II, III, and IV assert claims for false designation of origin/ unfair competition under the Lanham Act, unfair competition under state law, and violations of Florida's Deceptive and Unfair Trade Practices Act, respectively. (Doc. 1, pp. 7–10). Plaintiff relies on the same arguments from its trademark infringement claim to show that it is likely to prevail on these Counts. (Doc. 17, pp. 15–16). Thus, for the reasons discussed above, Plaintiff has not carried its burden of demonstrating a substantial likelihood of success on the merits of Counts II–IV.

### C. Patent Infringement

In patent cases, a plaintiff seeking a preliminary injunction must establish that "[it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012).[4]

Plaintiff presents a claim chart to demonstrate that Defendants' bags infringe at least claim 1 of U.S. Patent 10,442,575. (Doc. 1-10). Even assuming the claim chart demonstrates *prior* infringement upon Plaintiff's patent, Defendants respond that Plaintiff fails to demonstrate *ongoing* infringement—and therefore

---

[4] "[A] preliminary injunction enjoining patent infringement pursuant to 35 U.S.C. § 283 involves substantive matters unique to patent law and, therefore, is governed by the law of [the Federal Circuit]." *Id.*

6

fails to demonstrate a risk of irreparable harm. According to Defendants, "The photographs [in the claim chart] were taken at an unknown point in time; there are no specifics concerning when and where the depicted product was acquired, whether it was altered since it was acquired, and whether Boss Bags products currently use the same design." (Doc. 27, p. 30). Additionally, Defendant Kristofik filed a Declaration specifically averring that the claim chart "is not representative of current Boss Bag products." (Doc. 27-2, ¶ 28).

Plaintiff fails to rebut Defendants' assertions and demonstrate ongoing infringement. Plaintiff argues that "Defendant's marketing still indicates use of the [allegedly infringing design]," but does not provide any evidence to support this contention. (Doc. 17, p. 17). Without evidence of continued infringement, the Court cannot conclude that Plaintiff will suffer irreparable harm in the absence of preliminary relief. *Cf. Revision Military*, 700 F.3d at 525. Thus, Plaintiff has not carried its burden.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Injunction (Doc. 17) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 26, 2021.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

7