## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### No. 6:20-CV-02249-PGB-GJK

**BULLBAG CORPORATION**,

     Plaintiff,

v.

**BAGS O MONEY, LLC, BAGS O MONEY, LLC d/b/a BOSS BAGS, MONEY O BAGS, LLC, JAMES KRISTOFIK, PAUL MARSHAL**,

     Defendants.

_____/

## <u>DEFENDANT JAMES KRISTOFIK'S MOTION TO DISMISS</u>

## INTRODUCTION

On March 22, the Court found that Plaintiff's "Complaint is due to be dismissed as a shotgun pleading" because the Plaintiff alleged "five Counts against five Defendants without delineating each Defendants' liability-creating conduct" and granted Plaintiff leave to amend. DE 39. Plaintiff filed its First Amended Complaint ("FAC") on April 19, 2021. DE 46. The FAC is due to be dismissed for the same reasons pointed out in Defendant Kristofik's first Motion to Dismiss (DE 31).

Plaintiff pleads a grab bag of retaliatory allegations against various Defendants: Bags O Money, LLC; Bags O Money, LLC d/b/a Boss Bags; Money O Bags, LLC, Kristofik, and Paul Marshall. Plaintiff makes dozens of accusations about these Defendants, ranging from allegations of misappropriation of trade secrets to patent

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

infringement. Plaintiff, moreover, asserts that all of these disparate acts were committed by each of the five named Defendants. Plaintiff's Complaint should be dismissed for six reasons.

*First*, Plaintiff sues Kristofik in his individual capacity but failed to plausibly allege a factual basis for the claims against him and has not plausibly alleged any reason to pierce the corporate veil and set aside the corporate form.

*Second*, the Complaint is a shotgun pleading because it incorporates disparate legal theories in numerous counts and still improperly groups together five different Defendants without adequately specifying what each of them allegedly did, individually.

*Third*, Plaintiff's trademark infringement claims fail because Plaintiff has not plausibly alleged consumer confusion, the parties' marks are so dissimilar no reasonable factfinder could find a likelihood of confusion, and Plaintiff's marks are weak to the extent they include generic and descriptive terms, but Plaintiff has not plausibly alleged secondary meaning. Plaintiff's Lanham Act unfair competition claim is based on the same facts as its trademark infringement claim.

*Fourth*, Plaintiff's common law unfair competition claim fails because it (1) relies on the same facts as its defective trademark infringement claim; (2) alleges claims preempted by Federal Patent and State law; (3) does not plausibly allege any fraudulent or deceptive practice on the part of Kristofik; and (4) does not plausibly allege consumer confusion.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

*Fifth*, Plaintiff's claim alleging violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") fails for the same reasons as Plaintiff's common law unfair competition claim. Plaintiff's FDUTPA claim also fails because it seeks consequential damages not recoverable under FDUTPA.

*Sixth*, Plaintiff's patent infringement claim fails because it does not plausibly allege the manner and means by which Kristofik allegedly infringed the patent in suit ("the '575' Patent").

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

*Iqbal*, 556 U.S. at 679. Thus, the Court must ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim. *Id.*

## ARGUMENT

### I.  PLAINTIFF FAILED TO ALLEGE PLAUSIBLE CLAIMS AGAINST KRISTOFIK IN HIS INDIVIDUAL CAPACITY

Plaintiff sued Krisotifk in his individual capacity, but the FAC does not allege any plausible facts creating the reasonable inference that Kristofik personally engaged in the alleged conduct, nor does it plead a basis to pierce the corporate veil.

"A corporation is a legal entity a fictional person—capable of entering contracts and doing business in its own right. The purpose of this fiction is to limit the liability of the corporation's owners, whether it be individuals or other corporations." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011). To disregard the fiction and pierce the corporate veil for the purposes of holding an individual owner liable for a corporation's actions, a plaintiff must plead that:

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant."

*Id.* "When a plaintiff seeks to impose personal liability for patent infringement on an officer of a corporation, a district court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." *Blue Water Innovations, LLC v. Fettig*, 2019 WL 1904589, at *6 (S.D. Fla. Mar. 8, 2019) (quoting *Exigent Tech., Inc. v. Radiant Telecom,*

*Inc.*, 2005 WL 8154987, at *2 (S.D. Fla. Dec. 5, 2005) (dismissing federal patent law and Florida state law claims against corporate officer because the complaint failed to allege a basis to pierce the corporate veil)). "Under Florida law, a plaintiff attempting to hold a corporate director personally liable must allege actual wrongdoing in the form of fraud, self-dealing or unjust enrichment to establish individual liability." *Id.* (finding allegations that individual defendant "orchestrated the acts complained of" insufficient to state claim).

Here, Plaintiff's allegations against Kristofik are conclusory and threadbare. The FAC does not plausibly allege that Kristofik committed fraud, self-dealing, or was unjustly enriched. Plaintiff has not otherwise plausibly alleged any basis to pierce the corporate veil.

## II.   THE COMPLAINT IS A SHOTGUN PLEADING

For decades, "[t]he Eleventh Circuit has roundly, repeatedly, and consistently condemned shotgun pleadings." *Woelfel v. Life Partners, Inc.,* 2014 WL 7238196, at *1 (S.D. Fla. Dec. 17, 2014).[1] Shotgun pleadings are pleadings that "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

Here, Plaintiff alleges a hodgepodge of unrelated conduct against five distinct people and entities, then incorporates *each* disparate allegation into *each* cause of action

---

[1] All citations omitted unless otherwise indicated.

GORDON REES SCULLY MANSUKHANI LLP
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

against *each* defendant. Plaintiff's complaint is thus a "typical shotgun pleading," since several "counts present more than one discrete claim for relief." *Bickerstaff Clay Prod. Co. v. Harris Cty.,* 89 F.3d 1481, 1484 (11th Cir. 1996).

### A. Plaintiff Impermissibly Incorporates Disparate Legal Theories Into Each of Its Causes of Action

A complaint that incorporates disparate legal theories under individual counts constitutes a shotgun pleading. In *Yakoub v. Tradewinds Airlines, Inc.*, 2016 WL 7229691, at *2 (S.D. Fla. Dec. 14, 2016), the court dismissed a complaint that failed to "untangle [the] allegations into separate claims." By including different legal theories—such as "retaliation, failure to promote, national origin discrimination, religious discrimination, hostile work environment[, and] discriminatory wage practices"—into each of several causes of action, the plaintiff had made it impossible for "the defendant to this action (let alone the Court) [to] reasonably know what the Plaintiff intends to allege." *Id.* (alteration in second); *Techworks, Inc. v. H.M. Seiden Consulting, Inc.*, 2006 WL 8432537, at *2 (S.D. Fla. Sept. 12, 2006) ("[C]ommingling . . . various theories of liability within individual counts, renders Plaintiff's Complaint an inappropriate basis upon which to evaluate [its] allegations.").

Here, the FAC is a shotgun pleading because it incorporates various, disparate legal theories into Count III (common law unfair competition) and Count IV (FDUTPA). Plaintiff, in essence, asserts claims for tortious inference, misappropriation of trade secrets, tortious interference, trademark infringement, and patent infringement under its claims for common law unfair competition (¶¶ 63-65),

6

and FDUTPA violations (¶¶ 73-75). Plaintiff in effect attempts to circumvent the actual pleading requirements for those claims by lumping them together under its common law unfair competition and FDUTPA counts.

Count V is also a shotgun pleading because it asserts direct, induced, and contributory infringement under one count. *See* FAC ¶ 89. Section 271 of Title 35 creates liability for three types of patent infringement: (1) direct infringement, (2) induced infringement, and (3) contributory infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1926 (2015). The "combination of infringement claims into a single count constitutes a shotgun pleading." *Advanced Screenworks, LLC v. Mosher*, 2020 WL 94562, at *2 (M.D. Fla. Jan. 8, 2020) (dismissing patent infringement claim alleging direct, induced, and contributory infringement under one count as a shotgun pleading); *IT Consulting GmbH v. BMC Software, Inc.*, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (same).

Here, just as in *Advanced Screenworks*, *LLC* the Complaint alleges direct, induced, and contributory infringement all under Count V. FAC ¶ 89. A shotgun pleading of this sort requires dismissal under Rule 12(e) and Eleventh Circuit precedent. In short, Plaintiff's claim is a hydra. The claims could have their roots in false advertising, tortious interference with relationships, patent law, trademark law, and Florida deceptive trade practices law. Plaintiff's approach to pleading prevents Defendants—and the Court—from meaningfully assessing Plaintiff's claims and determining whether they fail.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

**B. Plaintiff's Treatment Distinct Defendants As a Single Unit is Improper**

Another hallmark of shotgun pleading is the failure to "specify which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1323. The failure to do so is an independent ground to dismiss a complaint. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)."[W]hen a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." *Prushansky v. Brown*, 2013 WL 3716398, at *3 (M.D. Fla. July 15, 2013).

"Indeed, a complaint that lump[s] all the defendants together in each claim and provides no factual basis to distinguish their conduct fails to satisfy Rule 8." *Ramos*, 2012 WL 3962436, at *3 (citing *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)); *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, 2018 WL 7287192, at *7 (S.D. Fla. Jan. 31, 2018) (dismissing complaint as shotgun pleading where the complaint lumped two separate defendants together as one entity).

Here, Plaintiff does what the plaintiffs in *Circuitronix* and *Lane* did, and the result here should be the same. Throughout its FAC, Plaintiff pleads collectively against five distinct affiliated people and entities, which Plaintiff refers to collectively as "Defendants" or "each of the Defendants." *See, e.g.*, FAC ¶ 41 ("All Defendants had previously marketed, advertised, used, offered to sell, and sold reusable waste bags under the name 'Boss Bags' . . . ."); ¶ 48 ("All five (5) Defendants' actions in adopting the marks. . . ."); ¶ 54 ("All Defendants have used the marks "BOSS BAGS" . . . .");

8

¶ 56 ("All five (5) Defendants' actions in adopting the marks . . . were malicious, fraudulent, deliberate, willful."); ¶ 61 ("All five (5) Defendants have engaged in deceptive and fraudulent conduct . . . ."); ¶ 77 ("each of the Defendants' acts of unfair competition . . . ."); ¶ 89 ("Each of the five Defendants have infringed, directly, contributorily, and/or by inducement, the '575 Patent . . . ."); *see also* ¶¶ 67, 68, 71, 80, 90, 92, 93.

Plaintiff's undifferentiated references to "Defendants" throughout its complaint is particularly problematic given the key differences between the various Defendant-entities. For example, Plaintiff alleges (at ¶¶ 48, 54) that "all five (5) Defendants" adopted and used the Boss Bags marks, but the FAC fails to allege any specific facts regarding any act by *Kristofik* capable of supporting a reasonable inference that *Kristofik* individually adopted any mark. Also, the FAC alleges that "Defendants contracted with a third party" to make duplicate bags (at ¶ 31), but alleges, contradictorily, that Bags of Money, LLC, purchased the bags (at ¶ 34).

## III. PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIM FAILS AS A MATTER OF LAW

Plaintiff's trademark infringement claims (Counts I – IV) fail because Plaintiff has not plausibly alleged consumer confusion, the marks are so overwhelmingly dissimilar that no reasonable factfinder could find confusion, and Plaintiff's marks are weak because they include the generic term "bag" and a slogan that describes Plaintiff's product and services.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

"[T]o state a claim for trademark infringement a plaintiff must plead facts which, if true, show that (i) the plaintiff has a valid trademark, and (ii) the defendant adopted a similar mark such that consumers would be likely to confuse the two." *Thoroughbred Legends, LLC v. Walt Disney Co.*, 2007 WL 9702282, at *9 (N.D. Ga. Dec. 4, 2007)) (citing *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000)). District courts in the Eleventh Circuit consider seven factors when assessing the likelihood of consumer confusion in trademark-infringement claims. *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1313 (11th Cir. 2001).

## A. Plaintiff Has Not Plausible Alleged A Likelihood of Consumer Confusion

Even though likelihood of confusion is usually not determined on a motion to dismiss, a plaintiff must still plead facts sufficient to make their claims plausible. *Shashi, LLC v. Tsipilates, LLC*, 2013 WL 12091058, at *5 (S.D. Fla. Nov. 18, 2013).

In *Shashi*, the plaintiff sued the defendant for trademark infringement, alleging that the defendant's mark "SOXSI" infringed on the plaintiff's mark "SHASHI" and was "likely to cause confusion, to cause mistake, and to deceive customers and prospective customers." *Id.* The court explained that aside from these conclusory allegations, the plaintiff did not allege facts explaining how the two marks could be confusingly similar. *Id*. The court noted that the complaint did not provide a description of the features of the plaintiff's mark that consumers could allegedly confuse with the defendant's mark and dismissed the plaintiff's trademark infringement claim. *Id*.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

Here, just as in *Shashi*, Plaintiff's allegations relating to similarity of the marks and consumer confusion are conclusory. Plaintiff failed to plausibly allege how Defendants' marks are confusingly similar to Plaintiff's

## B. The Marks Are So Dissimilar In Appearance That Plaintiff's Claims Fail As A Matter of Law

But even if the Court finds Plaintiff's allegations are not conclusory, Plaintiff's claims still fail as a matter of law because "the overall impression of Plaintiff's mark . . . is strikingly dissimilar from Defendant's mark." *Bullbag Corporation, v. Bags O Money, LLC, et al.*, No. 6:20-CV-2249-PGB-GJK, 2021 WL 1329233, at \*2 (M.D. Fla. Mar. 26, 2021) (Byron, J.).

In certain circumstances, "a motion to dismiss will be granted for failure to plead likelihood of confusion only if 'no reasonable factfinder could find a likelihood of confusion on any set of facts that plaintiff could prove.'" *Scotch & Soda B.V. v. Scotch and Iron LLC*, 2018 WL 2224997, at \*3 (S.D.N.Y. May 15, 2018); *Le Book Pub., Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 312 (S.D.N.Y. 2005). "Overwhelming visual dissimilarity can defeat an infringement claim, even where the other six factors all weigh in favor of the plaintiff." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1361 (11th Cir. 2007); *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1209 (11th Cir. 2004). Where alleged "conflicting marks are overwhelmingly dissimilar, a summary dismissal of the infringement claim is proper even if all of the other factors tip in favor of the plaintiff." McCarthy on Trademarks and Unfair Competition § 24:41 (5th ed.); *Cory Van Rijn, Inc. v. Cal. Raisin Advisory Bd.*,

697 F.Supp. 1136, 1145 (E.D. Cal. 1987) (12(b)(6) dismissal of trademark claim where "absence of substantial similarity leaves little basis for asserting a likelihood of confusion").

Here, no reasonable factfinder could find that the parties' respective marks are capable of confusion. As shown below, the degree of dissimilarity overwhelms any possibility of confusion:



DE 46-9. As the Court previously explained, "[t]he colors, typeface, accompanying cartoon images, and general appearance are overwhelming[ly] dissimilar." *Bullbag Corp.*, 2021 WL 1329233, at *2.

Also, on its face, Boss Bags' slogan "you fill it, we haul it" is sufficiently dissimilar to Plaintiff's slogan that there can be no likelihood of consumer confusion. But even if the Court were to find that Plaintiff's slogan is similar to Boss Bags' slogan, that mark is merely descriptive, and Plaintiff has not plausibly alleged distinctiveness.

/

/

### C. **Plaintiff's Marks Are Weak**

"[T]he main similarities between Plaintiff and Defendant's marks are generic terms/phrases." *BullBag Corp.*, 2021 1329233, at *2 n.3. That similarity, however, is inconsequential.

Courts are not required to accept conclusory allegations that a mark is distinctive. *See Nationwide Van Lines, Inc. v. Transworld Movers Inc.*, 2020 WL 4873713, at *2 (S.D. Fla. July 27, 2020). Instead, a plaintiff alleging trademark infringement must plausibly allege that its marks are distinctive. *Tropic Ocean Airways, Inc. v. Floyd*, 598 F. App'x 608, 612 (11th Cir. 2014) ("Tropic's bare allegations are insufficient to establish that Tropic's mark has acquired secondary meaning."). Also, registration merely provides a rebuttable presumption of distinctiveness and does not, standing alone, show distinctiveness. *Nationwide Van Lines, Inc.*, 2020 WL 4873713, at *2 (dismissing trademark infringement claim where the plaintiff failed to plausibly allege that its descriptive marks had secondary meaning). A plaintiff alleging that the defendant infringed its descriptive trademark must plausibly allege secondary meaning – conclusory allegations are insufficient. *Id.*

In *Le Book Pub.*, the court dismissed plaintiff's trademark infringement claim because, looking at the directories at issue cumulatively, the only similarity in the marks was the generic term "book." 418 F. Supp. 2d at 312. The court found that where the marks at issue both included word "book," plaintiff could not base the infringement claim on defendant's use of "book" in title of its work, as "'book' is a generic term and cannot be registered as a trademark." *Id.*

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

In the present case, "bags" is to the parties herein as "books" was to the parties in *Le Book Pub.* – an unregistrable, generic term that cannot be considered for purposes of trademark infringement.  The word "bag" describes the genus of the goods and is therefore generic. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985) ("A generic term is one that refers to the genus of which the particular product is a species."). Thus, "bag" cannot serve as a trademark. *See W.R. Grace & Co. v. Union Carbide*, 581 F. Supp. 148, 156 (S.D.N.Y. 1983) (affirming cancellation of the mark "Barrier Bag" because the mark was generic).

Plaintiff also alleges (at ¶ 46) that Boss Bags' slogan "you fill it, we haul it" infringes Plaintiff's slogan mark "you fill it, we dump it, you keep it." Plaintiff's slogan mark, however, is weak and not distinctive because it merely describes the nature of the transaction and Plaintiff's trash removal services. *See* FAC ¶¶ 19-24 (describing Plaintiff's product and service). Plaintiff clearly uses this term as a descriptive mark rather than to distinguish its goods and services from other competitors.

"Trademarks . . . answer the question 'Who made it?' rather than 'What is it?'" *Leigh*, 212 F.3d at 1216. Plaintiff's slogan mark does the latter rather than the former. Given that Plaintiff's slogan mark is descriptive, Plaintiff was required to plausibly allege secondary meaning, *Nationwide Van Lines*, 2020 WL 4873713, at *3, but failed to do so. Accordingly, dismissal is appropriate.

/

/

## IV.   PLAINTIFF'S COMMON LAW UNFAIR COMPETITION CLAIM FAILS

Because Plaintiff's trademark infringement claim fails, so does its common law unfair competition claim to the extent it asserts trademark infringement. *See Kobi Karp*, 2020 WL 4287005, at *5. Plaintiff's common law unfair competition claim also fails because it purports to allege claims for patent infringement and trade secret violations, but any such claims are preempted. Also, the FAC does not plausibly allege a deceptive or fraudulent act by Kristofik and a likelihood of consumer confusion

### A. Plaintiff's Common Law Unfair Competition Claim Is Partially Preempted

Plaintiff alleges (at ¶ 63) common law unfair competition for, among other things, Defendants' alleged duplication of Plaintiff's bag. Count III is preempted to the extent it relies on patent infringement. *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am.*, 2009 WL 1850190, at *4 (M.D. Fla. June 26, 2009); *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, 2019 WL 78983, at *2 (S.D. Fla. Jan. 2, 2019). Count III is also preempted to the extent it is predicated on alleged (at ¶ 64) misuses of Plaintiff's purported "confidential information." *ISO Claims Servs., Inc., ACI Div. v. Bradford Techs.*, 2011 WL 13176422, at *6 (M.D. Fla. Sept. 29, 2011) ("If the information is a trade secret, [ACI's] claim is preempted; if not, [ACI] has no legal interest upon which to base [its] claim.").

### B. Plaintiff Failed to Allege a Plausible Unfair Competition Claim

In violation or Rule 8, Plaintiff in effect attempts to assert claims for tortious interference and trade secret misappropriation through Count III but failed to plausibly allege those claims.

15

"To prevail on a claim for unfair competition under Florida common law, plaintiff must establish (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion." *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1313 (M.D. Fla. 2017) (Byron, J.). "[T]here is no single set of 'elements that apply uniformly to all claims of unfair competition.' Accordingly, courts have applied elements from other established claims to unfair competition claims, where appropriate, on a case-by-case basis." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 2012 WL 33155, at *4 (M.D. Fla. Jan. 6, 2012).

"To prevail on a [Florida Uniform Trade Secrets Act ("FUTSA")] claim, a plaintiff must demonstrate that (1) it possessed a 'trade secret' and (2) the secret was misappropriated." *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1297 (11th Cir. 2018)). To allege a plausible claim under FUTSA, the plaintiff must allege facts giving rise to the reasonable inference that the information is a "trade secret" and that there was "misappropriation," as defined in FUTSA. *See* §§ 688.002(2), (4), Fla. Stat; *Am. Registry, LLC v. Hanaw*, 2014 WL 12606501, at *6 (M.D. Fla. July 16, 2014).

Here, Plaintiff has not plausibly alleged that its customer list constitutes a trade secret or even "confidential information," that Kristofik "misappropriated" it, or that Kristofik engaged in conduct likely to cause consumer confusion. Nor does the FAC plausibly allege any facts suggesting that Kristofik had a duty to maintain the confidentiality of any customer lists. Plaintiff's allegations are entirely conclusory. At bottom, Plaintiff is improperly attempting to use its common law unfair competition claim to make an end-run around the exacting requirements of FUTSA. "[A]llowing

16

such claims 'to proceed on the basis that the information may not rise to the level of a trade secret would defeat the purpose' of FUTSA." *ISO Claims Servs., Inc., ACI Div.* 2011 WL 13176422, at *6.

Next, Plaintiff attempts to plead (at ¶ 65) what amounts to a tortious interference claim.

> To establish a claim for tortious interference with an advantageous business or contractual relationship, a party must prove: (1) the existence of a business relationship or contract; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with that relationship by the defendant which induces or otherwise causes nonperformance; and (4) damages resulting from the tortious interference.

*Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1343 (M.D. Fla. 2006). "The third element, intentional and unjustified interference with a business relationship, requires the plaintiff to allege that 'the defendant acted without justification.'" *Duty Free Ams., v. Estee Lauder*, 797 F.3d 1248, 1280 (11th Cir. 2015).

"The unchallengable controlling principle is that 'so long as improper means are not employed, activities taken to safeguard or promote one's own financial . . . interests are entirely non-actionable.'" *Sec. Title Guarantee Corp. of Baltimore v. McDill Columbus Corp.*, 543 So. 2d 852, 855 (Fla. 2d DCA 1989). "[E]ven if the plaintiff has an existing, terminable-at-will contract, the defendant's interference to protect its economic interests is privileged unless the plaintiff alleges 'a purely malicious motive' divorced from any 'legitimate competitive economic interest.'" *Duty Free Ams.*, 797 F.3d at 1280.

Here, the Complaint does not identify any existing business relationship or

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

contract, or plausibly allege any fraudulent, deceptive, or improper act by Kristofik that *unjustifiably* interfered with its relationships with unidentified customers. Plaintiff tellingly failed to identify any relationships Kristofik allegedly interfered with and only parrots conclusory allegations. A "skeletal pleading [that] merely recites the elements of a claim for tortious interference with actual and prospective business relationships, without any factual allegations in support of those elements" is insufficient to survive a motion to dismiss. *Advisors Excel, L.L.C. v. Scranton*, 2014 U.S. Dist. LEXIS 199141, at *20 (S.D. Fla. Sept. 15, 2014). Accordingly, dismissal is appropriate. *ACG S. Ins. Agency, LLC v. Safeco Ins. Co.*, 2019 WL 8273657, at *9 (M.D. Fla. Dec. 16, 2019).

## V.   PLAINTIFF HAS NOT ALLEGED A PLAUSIBLE FDUTPA CLAIM

Plaintiff's FDUTPA claim is due to be dismissed because it is based on the same facts as Count II, seeks consequential damages that are not recoverable under FDUTPA, and is preempted to the extent it purports to cover patent infringement and FUTSA violations.

### A. Plaintiff's FDUTPA Claims Is Based on the Same Facts As Its Unfair Competition Claim

Plaintiff's FDUTPA claim is based on the same exact facts as its common law unfair competition claim and, therefore, should be dismissed. *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) (granting the defendant summary judgment on the plaintiff's common law unfair competition claim and FDUTPA claim based on the same facts) (citing *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 652 (11th Cir. 2007)).

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

### B. The Complaint Seeks Consequential Damages That Are Not Recoverable Under FDUTPA

Count IV alleges that Plaintiff has "suffered pecuniary loss, including the loss of revenue and damage to goodwill." FAC ¶ 80. Those alleged damages, however, are not "actual damages" recoverable under FDUTPA.

FDUTPA allows for the recovery of "actual damages." *City First Mort. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008). The term "actual damages" is a "term of art" under Florida law, which is defined as "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered." *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. 1st DCA 1984).

"FDUTPA 'actual damages' do not include consequential damages . . . ." *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008); *see also Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) ("for purposes of recovery under FDUTPA, actual damages do not include consequential or special damages"); *City First Mortg. Corp.*, 988 So. 2d at 86 (same). Lost profits are a "quintessential example" of consequential damages. *See Nyquist v. Randall*, 819 F.2d 1014, 1017 (11th Cir. 1987). "Additionally, 'harm in the manner of competitive harm, diverted or lost sales, and harm to the goodwill and reputation' are consequential damages." *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1352 (S.D. Fla. 2017) (quoting *Krupa v. Platinum Plus, LLC*, 2017 WL 1050222, at *7 (M.D. Fla. Mar. 20, 2017)); *see Morales v. Bimbo Foods Bakeries Distribution, LLC*, 2019 WL 1558693, at

*3 (M.D. Fla. Apr. 10, 2019) (dismissing FDUTPA claim with prejudice that sought to recover damages for lost profits).

In *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, this Court granted a defendant summary judgment on a FDUTPA claim seeking to recover lost profits and noted that such consequential damages does "not fall within the two established measures for damages for  FDUTPA claim." 302 F. Supp. 3d 1319, 1324 (M.D. Fla. 2016), *aff'd*, 703 F. App'x 814 (11th Cir. 2017).

Here, Plaintiff has not plausibly alleged "actual damages." Instead, just as the plaintiff in *HRCC, Ltd.*, Plaintiff seeks to recover "loss or revenue and damage to goodwill." FAC ¶ 80. The consequential damages Plaintiff seeks are not recoverable under FDUTPA as a matter of law. The Court should, therefore, dismiss, Count IV of the Complaint with prejudice. *See Flexstake, Inc. v. DBI Servs., LLC*, 2018 WL 6270972, at *3 (S.D. Fla. Nov. 30, 2018) (recognizing that harm to goodwill and lost profits are not recoverable under FDUTPA); *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012) ("Florida courts specifically reject the recovery of consequential damages under FDUTPA. Accordingly, Defendants' motion is granted and Plaintiffs' request for lost profits under FDUTPA is dismissed with prejudice.").

## C. **Plaintiff's FDUTPA Claim Is Partially Preempted**

Plaintiff bases its FDUTPA claim, at least in part, on its allegations that Krisotfik asked a manufacturer to "duplicate" Plaintiff's bags and used confidential information learned during his employment. *See* FAC ¶¶ 73, 74. Plaintiff's FDUTPA

claim, however, is preempted to the extent it based on alleged patent infringement. *Tropical Paradise Resorts*, 2019 WL 78983, at *1.

Plaintiff's FDUTPA claim is also preempted to the extent it is based on alleged misappropriation of "confidential information" or trade secrets, even if the alleged "confidential information" does not rise to the level of a statutory trade secret. *Am. Registry, LLC v.*, 2014 WL 12606501, at *6; *see Coleman*, 232 F. Supp. 2d at 1335 ("[T]he UTSA 'displace[s] conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.").

## VI.   PLAINTIFF'S PATENT INFRINGEMENT CLAIM FAILS

The FAC fails to plausibly alleged the specific manner and means by which Kristofik allegedly infringed on the '575 Patent.

In order to state a claim for patent infringement, "the allegedly infringing product must practice all elements of a patent claim." *Raptor, LLC v. Odebrecht Constr.*, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017). Furthermore, "[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *Id*. A plaintiff must also describe the means by which the accused product infringes the plaintiff's patent to state a plausible claim for relief. *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2007 WL 4468696, at *1 (M.D. Fla. Dec. 18, 2007) (dismissing patent infringement claim

where the plaintiff "failed to adequately describe the means by which the [the defendant] allegedly infringed the [relevant] Patent"); *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 2016 WL 6561566, at *3 (M.D. Ga. Nov. 2, 2016) (finding insufficient pleadings where the plaintiff merely alleged that certain of the defendants' products "meet each and every element of at least one claim of" the plaintiff's patents, and the plaintiff made no effort to explain how the defendants' products infringed on any of the plaintiff's claims).

In *Blue Water Innovations, LLC* the plaintiff alleged that the defendants infringed its patents by selling a "knockoff" version of plaintiff's product. 2019 WL 1904589, at *1. The complaint alleged that the defendants "sold and offered for sale [products] that are virtually identical to the design claimed in the [patents]." *Id.* at *2. (second alteration in original). The court noted that the complaint failed to name a single claim in plaintiff's patent and similarly failed to describe how the defendants' product infringed on the plaintiff's patent and dismissed the plaintiff's claim. *Id.*

Here, similar to the plaintiff in *Blue Water Innovations, LLC*, Plaintiff's patent infringement claim must be dismissed because the FAC fails to plausibly allege a single claim in the '575 Patent, "let alone describe how the Defendants' product infringes on any of the elements of these claims." 2019 WL 1904589, at *2. Plaintiff alleges (at ¶ 87) that Exhibit J to its Complaint demonstrates that the Boss bags product "infringe[s] at least Claim 1 in the '575 Patent." Exhibit J and Plaintiff's conclusory allegations mirror the allegations the court found insufficient in *Disc Disease Sols., Inc.*, 2016 WL 6561566, at *3.

Consequently, Plaintiff's allegation that Kristofik infringed the '575 Patent is a legal conclusion not entitled to the presumption of truth. Taken together, these deficiencies warrant dismissal. *See Sundesa, LLC v. JH Studios, Inc.*, 2020 WL 4003127, at *5 (M.D. Fla. July 15, 2020); *Ziemba v. Incipio Techs., Inc.*, 2014 WL 4637006, at *3 (D.N.J. Sept. 16, 2014) ("To be clear, the allegation that Defendants' actions in manufacturing, using, offering to sell, and/or selling of [products] that are covered by one or more claims of the '852 Patent constitute a violation of [patent law] is-without more-entirely conclusory . . . and thus does not benefit from the presumption of truth."). Plaintiff's allegations are just as conclusory, and, therefore, deficient, as the plaintiff's in *Ziemba*. Thus, dismissal is appropriate.

## CONCLUSION

Despite Kristofik raising the substantial majority of the issues set forth herein in his first Motion to Dismiss (DE 31), Plaintiff did not fix the fundamental issues that made the original complaint insufficient, and instead only added a limited number of equally problematic allegations.  The Eleventh Circuit has "never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016). Nor has the Eleventh Circuit "concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so." *Id*. Because Plaintiff already had an opportunity to correct its allegations and could not do so, the Court should dismiss the FAC with prejudice and without leave to replead.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

**WHEREFORE,** for the foregoing reasons, Kristofik respectfully requests that the Court (1) grant this Motion, with prejudice and without leave to replead; (2) find this case exceptional under 15 U.S.C. § 1117; (3) find that Kristofik is the prevailing party under Section 501.2105, Fla. Stat.; (4) and award him reasonable prevailing party attorneys' fees.

DATED: April 30, 2021.

*s/ Andrew R. Schindler*
FBN 124845
*aschindler@grsm.com*

**GORDON REES SCULLY MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5339
***Counsel for Defendant***
***James Kristofik***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record designated to receive service in CM/ECF.

*s/ Andrew R. Schindler*